## JOHN LONG

### *v.*

## JAMES E. CONKLIN *et al.*

1. PLEADING AND PROOF — *as to date of contract.* Where the day of making a contract is laid under a *videlicet,* it need not be·proved as laid, and the fact of there being an issue upon a plea that the contract set forth is void under the statute of frauds in not being by its terms to be per-formed within one year, will not vary the rule.

2. CONTRACT — *measure of damages.* A contract to deliver to the plain-tiffs what wood they would need in their business and as they should require it, is a continuing contract and is not avoided by a refusal in the early part of the season, and in such a case the plaintiffs will have the right to buy wood at the different times when needed for use, and will not be re-stricted,in a suit for breach of the contract, to the difference in the price of wood at the time of the repudiation of the contract and the contract price, unless it be shown there was a possibility of their making a similar con-tract as to the time of delivery.

3. EVIDENCE — *book-keeper, as to facts shown by books.* In a suit where it became material to show the amount of wood purchased by the plaintiffs and the prices paid, it was *held* not erroneous to permit the plaintiffs' book-keeper to testify to the facts, although he did not make the purchases, he testifying that he knew of the purchases and that he kept the books, one of which he produced on the trial.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. ALLEN C. STORY, and Mr. RUFUS KING, for the appellant.

Messrs. SCOVILLE & BAYLEY, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees in the Circuit Court of Cook county, to recover damages from appellant for refusal to perform an alleged parol contract made by him on the 20th day of November, 1871, to sell and deliver to appellees what wood they would need, and as they would require it, for their brick-making business, at their two yards, during the brick-making season of 1872, at $6.50 per cord at one yard, and $6.75 per cord at the other, to be body beech wood.

The plaintiffs below recovered a verdict and judgment for $1,620 and the defendant appealed.

There is nothing in the point which is made, of a variance between the declaration and proofs, in that the contract is alleged to have been made on the 20th day of November, 1871, and the proof shows that it was made, if at all, in January, 1872.

The day of making the contract is laid under a *videlicet*, and according to the familiar rule of pleading is not required to be proved as laid. The fact of there being an issue upon a plea that the contract set forth was void under the statute of frauds, in not being by its terms to be performed within one year, does not vary the case, as is contended.

It is next insisted, that the court below erred in admitting evidence in relation to damages. It was in evidence that one of the plaintiffs, about the 10th of May, 1872, told the defendant they wanted a cargo of wood immediately, at their south yard, on the contract, and that the defendant denied the existence of any contract. And afterward, on the 21st of May, 1872, a notice in writing was served upon the defendant, to

send to plaintiffs a cargo of wood on the next day. It is insisted by appellant that this denial by him of the existence of any contract between him and appellees, abrogated the contract, if one had been made, and that the breach occurred at that time; and that the measure of damages should be the difference between the prices named in the contract, and the market value of that amount of wood at the time of such breach, to be delivered through the brick-making season. The court below, against objection, allowed appellees to show the market price for wood all through the brick-making season, as they required it for use; and it is the admission of this evidence to which the objection is taken. The brick-making season, according to the evidence, was from about April 10 to November 10. The breach in this case would seem to have been a continuing one, occurring whenever through the season the necessities of appellees required the purchase of a cargo of wood. Appellant's denial of the contract in May did not release him from the obligation to deliver according to the contract, from time to time, through the season.

Appellees had a right to make purchases at the times when, by the contract, appellant was to have delivered the wood; that is, at the times they should need it through the season for use. The law would not compel them to buy all at once that which they could only use in parcels, from time to time, nor would it compel them to enter into a continuing contract with any other person; certainly not without it was practicable to have made a contract of such a sort. But the jury were expressly instructed, on the part of both plaintiffs and defendant, that upon the repudiation of the contract by defendant, it was the duty of the plaintiffs immediately thereon to purchase other wood at the current market rates, in Chicago, for their purposes, for the season of 1872, provided it was practicable to do so; and that if they could have so purchased, then the measure of damages would be the excess in price, if any, which they would have been compelled to pay above the contract prices; and if they could have purchased at prices as cheap as those, then the

jury should find nominal damages only. The testimony of one of defendant's witnesses, Johnson, was, that such a contract could not have been made on the 21st or 22d of May, 1872, if at all, at less than $7.50 per cord. The difference between that price and the contract prices in this case, calculated on the whole quantity of the wood, would exceed the amount of the verdict.

The position taken in the court below, by appellant, seems to have been, that the *written notice* of May 21, was the limit of time as to the contract, and it was only the testimony as to the price of wood after that date to which objection was made.

The testimony seems to leave it rather in doubt, whether such a contract might have been made in May, for the delivery of such a quantity of wood as it might be needed through the season. The witness Johnson appears to be the only one who testified directly to that point, and the terms upon which such a contract might have been made.

The witness Ripley, the only other one who testified touching the point, did say that wood could have been contracted for at any time in May, 1872, in quantity to supply both of plaintiffs' yards, at $6.50 per cord. This did not leave it clear whether his meaning was that wood might have been so contracted for to be delivered from time to time as needed through the season, or that a sufficient quantity of the wood required might have been purchased at that price any time in May. At any rate, then, as the case was given to the jury by instructions on both sides, and in view of the foregoing evidence, we do not think that the admission of testimony as to the value of the wood at the times it was required for plaintiffs' use through the season, affords sufficient reason for reversing the judgment.

It is objected that the court improperly admitted the testimony of the book-keeper, Perrine, as to the quantity of wood purchased, and prices paid by plaintiffs. Campbell, one of the plaintiffs, testified that he attended to the buying of the wood, stating about what quantity was purchased and the range of the market prices from $7 to $10 per cord, and that Perrine kept

the account of it. Perrine testified that he knew about the wood purchased by plaintiffs; that he kept their books, and, producing one kept by him, testified as to the several purchases of the wood and prices, referring to the book. We see no error in the admission of the testimony.

The purchases included maple, oak, ash and other kinds of wood, and Perrine was permitted to testify to the difference in the heating properties between these kinds of wood and beech wood, the kind appellant was to furnish, and this is objected to. While such testimony was improper, and the inquiry should have been as to the market value of the wood, yet in view of other evidence in the case, we regard it as immaterial, and harmless in effect, there being testimony as to the prices of all the several kinds of the wood, and their relative difference of value.

It is insisted that the verdict is against the evidence. The respect in which it is claimed to be so, is as to the making of the alleged contract. The evidence upon this point was conflicting, and we see no reason for disturbing the finding of the jury upon it. The judgment will be affirmed.

*Judgment affirmed.*