## UNITED STATES v. SELLERS.
### No. 7499.

Circuit Court of Appeals, Fifth Circuit. · Feb. 5, 1935.

**624**

Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and J. Gregory Bruce, Atty., Department of Justice, both of Washington, D. C., R. M. Bourdeaux, U. S. Atty., of Meridian, Miss., and Allen Crenshaw, Atty., Department of Justice, of Birmingham, Ala., for the United States.

Chas. S. Campbell, of Jackson, Miss., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Claud G. Sellers sued on a policy of war risk insurance, recovered, and the United States appeal. The declaration showed non-payment of premiums after his discharge from the Army August 28, 1919, but set up that in October, 1922, a compensation award was made by the Veterans' Bureau for a partial disability from date of discharge to April 17, 1922, and temporary total disability thereafter in a sum in excess of the premiums due on the policy; that the insured was in fact on and after April 17, 1922, totally and permanently disabled by tuberculosis and other ailments; that his compensation was uncollected at the time of the occurrence of total and permanent disability; and in consequence his policy did not lapse under the provisions of section 305 of the World War Veterans' Act of June 7, 1924, as amended, 38 USCA § 516. A demurrer was interposed and overruled, one ground of which reads: "The said petition attempts to allege a cause of action under Section 305 of the World War Veterans' Act, whereas the court has no jurisdiction to hear and determine controversies arising under Section 305." No error was assigned on this ruling, but a motion is now made to amend by adding such assignment and one that the judgment was wrongly entered for lack of jurisdiction to adjudge benefits under section 305. The assignments of error in a law case are required by statute to be filed in the District Court in connection with the appeal. 28 USCA § 862. They are for the information of that court and the opposite party in preparing the bill of exceptions and designating the record to be sent up, and to govern in the making of briefs for this court, as well as to aid its judges in finding the points for decision. There is no right to amend the assignments in this court. But this and other federal appellate courts by their rules assert power to notice plain error though not assigned, and a want of jurisdiction over the subject-matter demands notice at all times. We overrule the motion to amend the assignments, but will examine the question of jurisdiction.

The argument is that the United States can be sued only as they consent to be; that consent to be sued concerning benefits to veterans is found only in section 19 of the World War Veterans' Act (as amended July 3, 1930, 38 USCA § 445), in the words, "In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance * * * an action on the claim may be brought against the United States"; that the benefits touching lapsed policies provided first in section 408 added to the War Risk Insurance Act in 1921 and amended in 1923, 42 Stat. 156, 1525, and carried into sections 304 and 305 of the World War Veterans' Act of 1924 (see 38 USCA §§ 515, 516), are statutory gratuities

to be administered by the Veterans' Bureau and not contractual obligations suable in the courts, and that it was so determined in Meadows v. United States, 281 U. S. 271, 50 S. Ct. 279, 74 L. Ed. 852, 73 A. L. R. 310. That case did decide that one of the benefits, to wit, the reinstatement of a lapsed and unmatured policy on the terms fixed was not a claim under the contract of insurance. We think the present claim is under a contract of insurance which needs no reinstatement. That part of the statute here applicable declares: "Where any person has, heretofore [prior to June 7, 1924], allowed his insurance to lapse * * * while suffering from a compensable disability for which compensaation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event * * * his insurance * * * shall not be considered as lapsed; * * * and the United States Veterans' Bureau is hereby authorized and directed to pay to said soldier, or his beneficiaries, as the case may be, the amount of said insurance less the unpaid premiums. * * *" (38 US CA § 516). This is not a provision for reinstatement, but a declaration that under the named circumstances the policy is not to be considered as ever having lapsed, followed by a direction for its payment as a matured claim. The supposed lapse must have happened at a time when compensation was really due the soldier, and the death or total permanent disability which matures the policy must have occurred while the compensation remained uncollected. The thought is that the policy should not be held to have lapsed while the United States were owing the soldier enough to have paid his premiums, and that it should now be paid even though the compensation was collected after the maturity of the policy, the unpaid premiums being taken out of the insurance money. Though the direction to pay under these circumstances is addressed to the Bureau, we are of opinion that in the event of a disagreement the claim is one under the contract of insurance. The insurance certificate sued on expressly states that the War Risk Insurance Act, "and amendments thereto now in force or hereafter adopted," are a part of the contract. See White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530. This legislation arose as an amendment of the War Risk Insurance Act as above stated. The courts may enforce it.[1]

■ Upon the merits of the case the judge, acting under a stipulation waiving a jury, upon evidence whose sufficiency is not questioned, found that Sellers became totally and permanently disabled because of active pulmonary tuberculosis on April 17, 1922. He has done no work since 1920. The disputed question is whether it is shown that in September, 1919, when his policy would have lapsed for nonpayment of premium, he was entitled to uncollected compensation, and at the time of his total permanent disability April 17, 1922, it was still due him uncollected, in an amount sufficient to have paid his premiums meanwhile. We agree with the government's contention that the right to compensation is to be determined exclusively by the Veterans' Bureau and not by the courts. The right to it can be proven only by an award of the agency to whose determination Congress has committed it. Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256; Armstrong v. United States (C. C. A.) 16 F.(2d) 387.[2] The facts here proven without dispute are that in October, 1922, Sellers was by the Bureau rated as 10 per cent. disabled from his discharge until April 17, 1922, and totally but temporarily disabled from that date on, and that $697.97 was then paid him, he having collected no compensation before. This was ample to have paid his insurance premiums. Compensation was continued on this rating until 1926. In that year, and until 1928, there was dispute as to the degree of disability. On April 7, 1928, Sellers claimed insurance benefits and applied for a rating of total permanent disability. His application was denied, and he appealed to the Central Board of Appeals, which on June 30, 1928, found against the claim of total and permanent disability and reversed the rating of 10 per cent. disability from discharge to April 17, 1922, holding on a review of the old file that no compensable disability was proven prior to that date. The ratings have so stood since. The suit on the policy was filed June 15, 1931; the existence of a disagreement being admitted. The govern-

[1] Similar conclusions have been heretofore announced. Sprencel v. United States (C. C. A.) 47 F.(2d) 501; United States v. Vance (C. C. A.) 48 F.(2d) 472; United States v. Hendrickson (C. C. A.) 53 F.(2d) 797; United States v. Alberty (C. C. A.) 63 F.(2d) 965; United States v. Knott (C. C. A.) 69 F.(2d) 907.

[2] And see cases cited in footnote 1.

**626**

ment claims that the finding of the Central Board of Appeals that Sellers was not entitled to compensation prior to April 17, 1922, controls. Sellers claims that from the time he ceased paying premiums to the time of his total and permanent disability there was an outstanding right to compensation shown by an award for it made and paid in October following, and that the action of the Board in canceling it was beyond its power on the appeal it was trying, and could not be retroactive in any event. Sellers is right. The appeal was not one taken from the award made in 1922, but was one touching his new claim of total and permanent disability made to mature his insurance. The Board could pass on the latter claim, and allow or overrule it, but to reverse the award of compensation made and paid in .1922 and thus destroy the insurance was not a proper action. Section 205 of the World War Veterans' Act (38 USCA § 494) provides: "Upon its own motion or upon application the bureau may at any time review an award and, in accordance with the facts found upon such review, may end, diminish, or increase the compensation previously awarded. * * * Except ·in cases of fraud participated in by the beneficiary, no reduction in compensation shall be made retroactive. * * *" There was here instituted no original review of the award of compensation prior to April 17, 1922, and certainly there was no issue of fraud participated in by the beneficiary. If that award could be considered to be under review at all, the reduction is forbidden to be made retroactive. The effect sought to be given the judgment of the Board, although no repayment of the $697.97 is sought, is retroaction. Sellers was rightly adjudged entitled to recovery.

Judgment affirmed.