## SIVLEY et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7549.

Circuit Court of Appeals, Ninth Circuit.

March 4, 1935.

Marcus L. Samuels, of San Francisco, Cal., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Fred E. Youngman, and Andrew D. Sharpe, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

This is a proceeding brought by the petitioners to review a decision of the Board of Tax Appeals fixing his income tax for the calendar year 1927. The question involved is that of the tax upon $31,063.02, being that portion of the income of petitioners which represents the compensation of George C. Sivley for the calendar year 1927, thus ac-cruing in 1927, which was paid January 16, 1928. The petitioners treated this income as community income for the calendar year 1927, and George C. Sivley, the husband, reported one half, and his wife, Ada E. Sivley, the wife, reported the other half and paid the income tax thereon. The Commissioner held that the salary having been received in 1928 should have been returned in 1928 as part of the income of the petitioners for that year, for the reason that they were reporting income on a cash and not on an accrual basis. It is conceded by petitioners that this ruling is correct.

In view of the fact that the petitioners concede, as they must, that the Commissioner properly treated the salary as a part of the income for the year in which it was received, the only question remaining is as to what effect is to be ascribed to the erroneous inclusion of the same salary in the return for the preceding year. Petitioners complain that the result of the action of the Commissioner is that they have been subjected to double taxation upon the salary in question.

■ It is sufficient to say that the petitioners concede that the deficiency assessment from which they appeal has been properly made. We are here called upon only to pass upon the action of the Board of Tax Appeals in affirming the action of the Commissioner in fixing the tax for the year 1928. If the tax fixed is that authorized by law, and it is so conceded, the action of the Board must be affirmed. Whether or not the petitioners can recover that portion of the tax paid in 1927 which was imposed upon the same income which was later properly included in the assessment for 1928 is a false quantity in the case, as our sole duty is to review the action of the Board of Tax Appeals in affirming the action of the Commissioner.

■ The petitioners also rely upon the statute limiting the period within which the Commissioner could act in making the assessment. This proposition is based upon the contention that the resolution of Congress extending the time for such action was not applicable to the assessment in question. The period of limitation was extended by Joint Resolution of Congress, 46 Stat. 589. The petitioners concede that this resolution on its face does extend the time as to this assessment, and that the deficiency notice was given within the time limited, but contend that the committee reports in the House of Representatives in connection with the consideration of the resolution indicate

918

that such was not the intention of Congress. They claim that by the report of the Ways and Means Committee, and by the statement of the acting Secretary of the Treasury to the House Committee on Ways and Means, "it is clearly shown that the purpose of Congress was the narrow one of abating proceedings until the Supreme Court had decided a question of community property law without the government losing the right to collect. In the case here no question of community property is involved, and, if appellants had filed joint returns, the right of the government would have been barred. The same result should follow here for the purpose of the resolution does not encompass this controversy." It is sufficient to say that an examination of these reports indicates that the purpose of the legislation was to extend the time for assessment where the taxpayer contended, as the petitioners did, that there was a right on the part of the spouses to separately report one-half of the community property. It was that right that was being contested in the Supreme Court. There is no conflict between the purpose indicated in these reports and result following the literal interpretation of the resolution. Both show an intent to extend the time for such an assessment in the case at bar, and, if there were a difference, as petitioners contend, the rule of statutory construction is that, where the language of Congress is clear, the intent must be derived from the terms of the statute. This resolution provides in part:

"Resolved, * * * That the three-year period of limitation provided in section 277 of the Revenue Act of 1926 upon the assessment of income taxes imposed by that Act for the taxable year 1927, and the three-year period of limitation provided in section 284 of the Revenue Act of 1926 in respect of refunds and credits of income taxes imposed by that Act for the taxable year 1927 shall be extended for a period of one year in the case of any married individual where such individual or his or her spouse filed a separate income-tax return for such taxable year and included therein income which under the laws of the State upon receipt became community property."

The petitioners filed separate income tax returns "for the taxable year 1927 and included therein income which under the laws of the state upon receipt became community property." The resolution passed clearly applies to the petitioners, as they concede. It follows that the action of the Commissioner was within the time fixed by law.

Petitioners also complain that by this extension of time to levy the assessment for the tax year 1928 the period had been postponed beyond the period of limitation for action by the taxpayer to recover for the taxes unlawfully exacted for the year 1927, and suggests, rather than argues, that the government should be estopped from this type of legislation and assessment. We know of no principle of estoppel which would prevent the government from assessing and collecting taxes in accordance with law. The decision of the Board of Tax Appeals is correct and must be affirmed. So far as the injustice to the taxpayer is concerned, we may assume that a remedy has been, or will be, provided by Congress to correct the injustice these petitioners have suffered.

Affirmed.