### UNITED STATES v. MADIGAN.

No. 8038.

Circuit Court of Appeals, Ninth Circuit.

Sept. 8, 1936.

Peirson M. Hall, U. S. Atty., and Ernest D. Fooks, Atty., Department of Justice, both of Los Angeles, Cal., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett, Randolph Shaw, and Fendall Marbury, Sp. Assts. to the Atty. Gen., for the United States.

David Spaulding, of West Los Angeles, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

Harry J. Madigan entered the military service of the United States July 15, 1917, and, after service was honorably discharged on July 25, 1919. While in such military service he applied for and was granted $10,000 war risk insurance, upon which premiums were paid to November 1, 1919. On this latter date Madigan converted his $10,000 war risk term insurance contract into a twenty-payment life policy of United States government insurance, upon which premiums were paid to keep it in force until January 31, 1920.

On November 1, 1919, and also on January 31, 1920, appellee was suffering from a compensable disability. On June 6, 1920, the Veterans' Bureau rated him totally and permanently disabled and on said date there was due him as compensation, the sum of $312.25.

The case was tried to the court without jury on an agreed statement of facts and judgment entered for plaintiff, from which the government appeals.

The statute under which the action was brought (section 305 of the World War Veterans' Act 1924, 43 Stat. 626, amended 44 Stat. 799, 45 Stat. 971, 46 Stat. 1016, 38 U.S.C.A. § 516 [quoted]) is as follows: "Where any person has, prior to June 7, 1924, allowed his insurance to lapse, or has canceled or reduced all or any part of such insurance, while. suffering from ·a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, chapter 16, Forty-first Statutes, page 371, would purchase if applied as premiums when due, shall not be considered as lapsed, canceled or reduced; and the Veterans' Administration is hereby authorized and directed to pay to said soldier, or his beneficiaries, as the case may be, the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law: Provided, That insurance revived after June 7, 1924 under this section and section 516b of this title by reason of permanent and total disability or by death of the insured, shall be paid only to the insured, his widow, child or children, dependent mother or father, and in the order named unless otherwise designated by the insured during his lifetime or by last will and testament: Provided further, That compensation which is uncollectible by reason of the provisions of section 310 of the War Risk· Insurance Act, as amended, or section 499 of this title, shall be considered as uncollected compensation for the purposes of this section."

And section 307 of the World War Veterans' Act 1924, 43 Stat. 627, amended 46 Stat. 1001, 46 Stat. 1016, 38 U.S.C.A. § 518 (quoted) is as follows: "All contracts of policies of insurance heretofore or· hereafter issued, reinstated, or converted shall be incontestable from the date of issuance, reinstatement, or conversion, except for fraud, nonpayment of premiums, or on the ground that the applicant was not a member of the military or naval forces of the United States, and subject to the provisions of section 447 of this title: Provided, That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the Veterans' Administration or to bring suit under section 445 of this title on any prior

contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the prior contract or policy: Provided further, That this section shall be deemed to be effective as of April 6, 1917, and applicable from that date to all contracts or policies of insurance."

The government, while conceding that all the conditions existed for revival of the insurance in the converted form and that plaintiff is entitled to benefits on that basis, contends that the insurance in the original form had not been allowed to lapse nor been canceled or reduced within the meaning of section 305 and that hence it failed to meet one of the conditions essential to revival in that form. The government contends that the uncollected compensation due on the date of total permanent disability must be applied as premiums on the twenty-payment life insurance policy. On the other hand, the appellee asserts that he has a right to make claim and bring suit on any prior contract or policy, and if found entitled thereto, upon surrender of the subsequent policy, he shall be entitled to payments under the prior contract.

"It is manifest that under section 305 a veteran who has become totally and permanently disabled is entitled to payment under his war-risk insurance if he has failed to collect compensation due him sufficient to pay the premium thereon." Berntsen v. United States, 41 F.(2d) 663, 665 (C.C.A.9).

The Circuit Court of Appeals for the Fifth Circuit said of section 305 in United States v. Sellers, 75 F.(2d) 623, 625: "This is not a provision for reinstatement, but a declaration that under the named circumstances the policy is not to be considered as ever having lapsed, followed by a direction for its payment as a matured claim. The supposed lapse must have happened at a time when compensation was really due the soldier, and the death or total permanent disability which matures the policy must have occurred while the compensation remained uncollected. The thought is that the policy should not be held to have lapsed while the United States were owing the soldier enough to have paid his premiums, and that it should now be paid even though the compensation was collected after the maturity of the policy, the unpaid premiums being taken out of the insurance money."

Again, in United States v. Hendrickson, 53 F.(2d) 797, 799 (C.C.A.10), it is said: "A war risk insurance policy does not lapse for nonpayment of premiums, as long as the government fails to pay the soldier installments of compensation to which he is entitled under the ratings of the bureau. Nor is the purpose of the statute obscure; if the government had paid the compensation as and when due, the soldier would have been able to have paid his premiums. The statute provides that the unpaid premium shall be deducted from his insurance, and not from his compensation."

■ The above cases are authority to the effect that one or the other of the policies is valid and that the veteran may collect under one of them. In fact, the government concedes the validity of the twenty-payment life policy but argues that the insured had no right to elect under which policy he would demand payment. Presumably, the original policy from the standpoint of premiums was the cheaper, and, therefore, the application of the unpaid compensation to premiums thereon would be of greater benefit to the veteran.

We think the decision of this court, in United States v. Arzner, 57 F.(2d) 488, 489, is decisive: "The purpose of this amendment [to section 307] was to meet the situation that had arisen by reason of numerous holdings of the courts to the effect that the subsequent veterans' insurance policies were novations, and that, thereafter, recovery could not be had upon the original insurance and that the ordinary principles of contract applied to the veterans' policies. * * * The obvious purpose of the amendment was to permit the veteran to present to a court and jury his claim that he was totally and permanently disabled during the life of his war risk insurance policy and to provide that if his contention was sustained by the court and jury he should recover under the terms of the original contract notwithstanding the fact that in the subsequent dealings with the Veterans' Bureau he had accepted some form of insurance in lieu of the original war risk insurance. By this legislation he was not required to jeopardize his rights under the subsequent contracts or policies in order to present his claim under the superseded war risk insurance. He could completely ignore the subsequent policies. They constituted no defense. If the judgment was in his favor in his suit on the original policy, however, he was required to surrender any subsequent contract or policy before he

was entitled to payment under the prior contract or policy."

The above-quoted case sets at rest the contentions of the government and is determinative of this appeal. There is no especial merit in the fact that section 305 does not contain the word "converted," for that word is contained in section 307.

█ In view of the fact that the original policy of insurance is held to have been in force and not lapsed, the appellee is entitled to a refund or credit for the premiums paid on the twenty-payment life policy. The subsequent policy not being additional insurance, but a conversion of the original, which is held not lapsed, the insured actually received nothing for the premiums paid thereon and is entitled to credit therefor.

Judgment affirmed.