# UNITED STATES *v.* McCLURE, ADMINISTRATRIX.

No. 154.   Argued December 8, 1938.—Decided January 3, 1939.

*Mr. Julius C. Martin,* with whom *Solicitor General Jackson,* and *Messrs. Wilbur C. Pickett, Fendall Marbury,* and *W. Marvin Smith* were on the brief, for the United States.

*Mr. Graham K. Betts* for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

We are called upon to determine whether § 301 or § 305 of the World War Veterans' Act [1] applies to a lapsed policy of War Risk yearly renewable term insurance.

Section 301 authorizes conversion of such policies and provides (with exceptions not applicable here) that "All yearly renewable term insurance shall cease on July 2, 1927, except when death or total permanent disability shall have occurred before July 2, 1927: . . ."

Section 305 provides that "Where any person has heretofore allowed his insurance to lapse, . . . while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled" while "entitled to compensation remaining uncollected : . . his insurance . . . shall not be considered as lapsed"; and the Veterans' Administration shall pay him or his beneficiaries "so much of his insurance as said uncollected compensation . . . would purchase if applied as premiums when due . . . less the unpaid premiums and interest at five per centum compounded annually in installments."

John F. McClure, a World War veteran, allowed his yearly renewable term insurance to lapse by failing to pay the premium due February, 1919, "while suffering

[1] 38 U. S. C., §§ 512, 516, 44 Stat. 686, 790.

from a compensable disability for which compensation was not collected." December 1, 1929, when he became permanently and totally disabled, there remained uncollected compensation due him sufficient to pay all premiums then due on his lapsed policy. The veteran brought suit on his policy alleging total and permanent disability and, at his death, respondent—as administratrix and individually—filed an amended complaint seeking recovery under § 305. The District Court held that the insurance was not revived under § 305 and entered judgment for the government. The Circuit Court of Appeals reversed,[2] believing § 301 did not limit § 305 and that respondent was entitled to judgment on the policy, contrary to the result reached by the Circuit Court of Appeals for the Tenth Circuit.[3]

Since this veteran's lapsed policy was "yearly renewable term insurance" and his permanent disability occurred after July 2, 1927, the question is: Did such insurance cease to exist on July 2, 1927 because of the general sweeping provisions of § 301, or was lapsed yearly renewable term insurance—such as his—saved by the special benefits extended under § 305? We find the answer in the language of the original War Risk Insurance Act and its amendments.

That original Act of October 6, 1917,[4] provided government insurance without medical examination for persons engaged in war services. Yearly renewable term insurance was granted with provision for conversion into other forms of insurance without medical examination not later than five years after the termination of the war.

August 9, 1921, Congress amended this Act and added § 408.[5] Section 408 greatly liberalized the rights

---

[2] 95 F. 2d 744.

[3] *Skelton* v. *United States*, 88 F. 2d 599.

[4] 40 Stat. 398, 409–410.

[5] 42 Stat. 147, 156.

of veterans, both to reinstate and to revive lapsed "yearly renewable term insurance." First. Veterans suffering from disability contracted in active war service were permitted to reinstate their policies despite such disability. Second. Veterans' insurance which had lapsed while the veterans were suffering from service connected disabilities for which compensation had not been paid—as here, was revived in the amount which such uncollected compensation—at death or date of total disability—would purchase. This first provision of § 408 was the original predecessor of § 304; the second provision—relied upon to enforce McClure's policy—became § 305.

By the Act of March 4, 1923,[6] Congress broadened both beneficial provisions of § 408 and left it as a single section. But in 1924, when Congress revised the War Risk Insurance Act,[7] these twin provisions of § 408 were severed and thereafter appeared as two separate and distinct paragraphs, §§ 304 and 305. Section 304 incorporated that portion of § 408 which had provided for reinstatement of lapsed term insurance despite physical disability. Section 305 reënacted the second provision of § 408 which had authorized utilization of uncollected compensation for revival of such lapsed insurance. It is of vital significance that Congress in creating these two new sections was careful to limit reinstatement of lapsed term insurance by concluding § 304 with the pointed proviso "That no term insurance shall be reinstated after July 2, 1926." But Congress placed no such limitation on the right of revival under § 305, on which this suit is brought.

The action of Congress in restricting the benefits only under one of the two sections must be considered together with § 301 of the same 1924 Act which provided that "All term insurance shall cease on July 2, 1926, except when death or total permanent disability shall have occurred

---

[6] 42 Stat. 1521, 1525, 1526.

[7] 43 Stat. 607, 625, 626.

before July 2, 1926." Congress in this 1924 Act, clearly evidenced its purpose to prohibit reinstatement of yearly renewable term policies under § 304 after July 2, 1926, in order to make § 304 conform to § 301 which authorized conversion of such policies prior to that date. Reinstatement under § 304, however, required action by the veteran. He was required to submit application, to comply with statutory and administrative regulations, and to pay back premiums. But action by the veteran was not required to revive a lapsed policy under § 305. His rights did not depend upon application, proof, compliance with regulations or payment. Because his policy had lapsed while the government owed him money for service connected disability which had become total and permanent, his lapsed policy was automatically revived. To have required action on his part would have been inconsistent with the manifest purpose of Congress to permit revival and continuation of insurance solely because the government had in its possession funds due the veteran and sufficient to pay for his insurance.

June, 1926,[8] § 301 was amended extending the date for conversion of yearly renewable term insurance to July 2, 1927, and the following month the proviso of § 304 was specifically amended to conform to the June amendment to § 301, by prohibiting reinstatement of such insurance after July 2, 1927.[9] Although the right of reinstatement under § 304 thus was again specifically restricted, Congress in no way indicated any intention to add the same restriction to the right of revival under § 305 on which the present suit is based. Instead, the benefits under § 305 were extended by the July amendment so as to permit beneficiaries to apply uncollected bonuses to the lapsed policies of deceased veterans. Congress again gave special

---

[8] 44 Stat. 686.

[9] 44 Stat. 790, 799.

attention to § 305 in 1928 [10] and authorized the revival of lapsed policies by utilization of compensation otherwise uncollectible because barred by limitations. Continuing the separate consideration and treatment of §§ 304 and 305, Congress in 1930 once more applied the restrictive proviso to § 304 but not to § 305.[11]

The deliberate intention of Congress to apply different restrictions to the right of reinstating lapsed policies under § 304 and that of reviving such policies under § 305 was also made manifest by other changes in the Act of July 2, 1926.[12] While reinstatement of yearly renewable term insurance under § 304, but not revival under § 305, was therein prohibited after July 2, 1927, a new proviso was added to § 305 under which the "insurance hereafter revived under this section [305] . . . shall be paid only to the insured, his widow, child or children, dependent mother or father, . . ." On the other hand, there is no such limitation as to beneficiaries of policies reinstated under the provisions of § 304. This studied limitation of the government's liability on policies revived under § 305, by restriction of beneficiaries, indicates a distinctive legislative consideration and treatment of that section.

To hold that a lapsed yearly renewable term insurance policy cannot be revived under § 305 would be to apply to that section, by construction, the proviso which Congress attached only to § 304. Sections 304 and 305 are distinct parts of the statute which contains them. While both sections emanated from a single prior section, Congress evidently separated them to provide for the individual treatment that has been given reinstatement as distinguished from revival of lapsed policies. A deliberate separation of the two parts of the old section—ap-

---

[10] 45 Stat. 964, 971.
[11] 46 Stat. 991, 1001, § 23.
[12] 44 Stat. 790, 799, 800.

478

plying a restriction to one and not the other—indicates that a change was intended.[13] This is in accord with the presumption that a proviso "refers only to the provision to which it is attached." [14]

In the light of the statutory development of the War Risk Insurance Act, there is no conflict between the general provisions of § 301 requiring conversion of yearly renewable term insurance by July 2, 1927, and the special benefits granted by § 305 to that particular group of veterans to whom the government had not paid disability compensation which was justly their due. The benefits of the special provisions of § 305 are extended to every veteran who has "heretofore allowed his insurance to lapse, . . ." The meaning of the words of the statute is apparent and we need not look beyond the language and statutory development of the War Risk Insurance Act.[15] A lapsed policy, whether yearly renewable term or in converted form, comes within the provisions of § 305.

Since the veteran in this case was due compensation for service connected disabilities at the time his policy lapsed and at the time he became totally and permanently disabled the amount of his uncollected compensation was sufficient to pay all premiums then due, his insurance was revived under § 305. The judgment of the Circuit Court of Appeals is therefore

*Affirmed.*

---

[13] Cf. *Brewster* v. *Gage,* 280 U. S. 327, 337; *United States* v. *Perryman,* 100 U. S. 235, 238.

[14] *United States* v. *Morrow,* 266 U. S. 531, 535.

[15] Cf. *Standard Fashion Co.* v. *Magrane-Houston Co.,* 258 U. S. 346, 356.