## CABLE v. UNITED STATES.
### No. 6568.

Circuit Court of Appeals, Seventh Circuit.
May 25, 1939.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Keith L. Seegmiller, of Washington, D. C., Michael L. Igoe, U. S. Atty., and William M. Lytle, Atty., Department of Justice, both of Chicago, Ill., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to Atty. Gen..

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from the judgment of the District Court entered pursuant to an order dismissing plaintiff's suit. Plaintiff's suit was brought as beneficiary and administratrix to recover total and permanent disability and death benefits under a war risk insurance policy.

Plaintiff's complaint included two counts, the first based upon the alleged occurrence of total and permanent disability as of October 17, 1918, which date was prior to the discontinuance of payment of premiums by the soldier. As a result of the recent decision of the United States Supreme Court in United States v. Towery,[1] the right of action asserted under count one of the complaint is barred by the statute of limitations. In the Towery case it was stated that under insurance policies providing for permanent and total disability benefits and for death benefits "there shall be but one right,—that is, the right to benefit payments, and but one critical contingency which conditions that right, namely, the occurrence of permanent total disability or death while the policy remains in force." The Supreme

---

[1] 59 S.Ct. 522, 525, 83 L.Ed. —.

Court concluded that the period of limitations began to run against a suit for permanent total disability benefits and death benefits at the date of the occurrence of total and permanent disability. Since in the instant suit the allegations of count one of the complaint disclose that permanent and total disability occurred on October 17, 1918, it follows, under the Towery decision, that plaintiff's suit under count one is barred for death benefits as well as for permanent and total disability benefits.

The second count alleges that from the time of his discharge from service the soldier was so suffering from disease, disability or injuries incurred in or aggravated by his service that he had become entitled to disability compensation in an amount sufficient to have paid the premiums on his insurance from the date of his discharge to March 17, 1929; that such disability compensation remained unpaid in an amount sufficient to have paid such premiums until at least July 9, 1930, when such rating of disability for compensation service was made by the United States Veterans Bureau. It is further alleged in the second count that the deceased soldier "became totally and permanently disabled on, to wit: June 30, 1927, and became entitled to receive from defendant on such insurance $57.50 per month for each month thereafter until his death, and (that) plaintiff in her own right as such beneficiary became entitled to receive from defendant on said insurance $57.50 per month beginning at the death of said deceased, and (that) upon her appointment as such administratrix became entitled to receive from defendant said monthly installments so due to said deceased in his lifetime."

Certain facts were stipulated by parties as "true and complete facts relating to the question of jurisdiction raised by the defendant in its motion to dismiss." Among the facts stipulated is that on June 24, 1930, the Central Board of Appeals of the United States Veterans Bureau held that the veteran was permanently and totally disabled from July 10, 1929, for insurance purposes. Also it was stipulated that on June 24, 1930, the Central Board of Appeals decided that the soldier was at the time of his discharge from military service suffering from a compensable disability and the soldier was awarded disability compensation for the period of time from his discharge until the date of such award and thereafter; and it was further stipulated that such compensation would have been sufficient, if properly paid, to have paid all of the premiums on said insurance as they matured to and including June 2, 1927; and that the disability compensation remained wholly unpaid until the year 1930.

Section 305 of the World War Veterans' Act[2] provides that "Where any person has heretofore allowed his insurance to lapse, * * * while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation * * * would purchase if applied as premiums when due, shall not be considered as lapsed, * * * and the Veterans' Administration is hereby authorized and directed to pay to said soldier, or his beneficiaries, * * * the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments. * * *"

Prior to the decision of the Supreme Court in United States v. McClure[3] it was a disputed question whether Section 305 should be given the effect of reviving the insurance of the veteran under a renewable term policy when the insured became permanently and totally disabled after July 2, 1927. In the McClure case the Supreme Court held that the insurance of the veteran, who had become permanently and totally disabled in December, 1929, was revived under Section 305.

It is stipulated in the instant case that the disability compensation remained wholly unpaid until the year 1930, and that such compensation would have been sufficient to have paid all the premiums on said insurance as they matured to and including June 2, 1927. Such stipulation necessarily carries with it the fact that the uncollected compensation was sufficient to purchase some insurance for a period including July 10, 1929, the date of occurrence of total permanent disability. Ap-

[2] 38 U.S.C.A. § 516.

[3] 305 U.S. 472, 59 S.Ct. 335, 83 L.Ed. 296.

plying the holding of the McClure case to the allegations of the complaint and the facts stipulated in the instant suit, it follows that the veteran's insurance was in force on July 10, 1929, the stipulated date of total and permanent disability, for so much of his insurance as the then uncollected compensation would have purchased if applied to due premiums.

It follows from the foregoing that the second count of plaintiff's complaint is good against the motion to dismiss unless under its allegations and the stipulation of facts suit was barred by expiration of the statutory period of limitation. This depends upon the date of the occurrence of total and permanent disability and the length of the period of suspension of the running of the statutory period by pendency of "the claim sued upon."

■■ Defendant contends that since the plaintiff alleged in the second count that total and permanent disability occurred on June 30, 1927, that such date must be taken as the date of the beginning of the running of the statute of limitations against plaintiff's suit. But plaintiff urges that defendant's contention is untenable for two reasons, (1) that an allegation of total and permanent disability as of June 30, 1927, is necessarily an allegation of total and permanent disability on any and all subsequent dates; and (2) that when a date is alleged under a videlicet, as it was in the instant case, the pleader is not held to proof of the date alleged but may make proof of any date within the statutory period. The latter proposition is supported by decisions of federal courts and by decisions of the Supreme Court of Illinois;[4] and as against a motion to dismiss on the ground that the suit is barred by the statute of limitations we are of the opinion that the allegation of permanent and total disability as of June 30, 1927, would be sustained by evidence of the occurrence of total and permanent disability on any date subsequent thereto within the period of limitation.

The stipulation of facts shows that one claim was filed on July 10, 1929, and that a second claim was filed on January 26, 1930. The stipulation further shows that a third claim was filed on June 26, 1931. By letter dated September 10, 1930, the veteran was notified of the denial of the

first two claims and also was informed that benefits were not payable as claimed because it had been held that he had been permanently and totally disabled on July 10, 1929, when "there was no insurance subject to revival under Section 305." (The later decision in the McClure case rendered the foregoing reason invalid.) The third claim dated June 26, 1931, requested a permanent and total rating for insurance purposes from date of lapse of policy for nonpayment of premiums which was stated to have been June 1, 1921. The letter of notification of denial of this claim on February 14, 1936, stated that permanent and total disability during the life of the veteran's war risk term insurance contract had not been established.

It is defendant's contention that the instant suit is a suit upon the first two claims which were denied on September 10, 1930; and that the period of pendency of the third claim cannot be taken into consideration for the purpose of determining whether the instant suit was brought within the time allowed by statute. If defendant is correct in this contention the suit was commenced one day too late, even under our holding that the date of the occurrence of total and permanent disability can be considered July 10, 1929 for purposes of the motion to dismiss, since the statutory period would have expired on September 10, 1936, and the instant suit was not commenced until the next day, September 11, 1936. On the other hand, if the six year period of limitation was suspended during the period of pendency of the third claim, the instant suit was commenced in ample time whether the date of occurrence of total and permanent disability is considered to have been June 30, 1927, or July 10, 1929.

■ We see no reason for disregarding the period of pendency of the third claim. It was duly filed and was considered and denied on the ground that permanent and total disability during the life of the veteran's war risk contract had not been established. It is true, as indicated by defendant, that the period of time during which the running of the period of limitation is suspended is "the period elapsing between the filing in the Bureau of the claim sued upon and the denial of said claim." But we are of the opinion that in the instant case the "claim sued upon"

---

[4] Collins v. Sanitary District of Chicago, 270 Ill. 108, 110 N.E. 318; Long v. Conklin, 75 Ill. 32; City of St. Charles v. Stookey, 8 Cir., 154 F. 772.

is asserted in the third claim as truly as it is in the first or second claim. In Coffey v. United States[5] this Court stated that no language in Section 19 of the Veterans' Act, 38 U.S.C.A. § 445, purported "expressly to limit the right to commence an action to the person filing the claim, or to that person in the capacity in which he files the claim." It was also stated that "A 'claim' may be 'any writing' which alleges 'permanent and total disability at a time when the contract of insurance was in force,' or which 'uses words showing an intention to claim insurance benefits' "; and that "the term 'claim,' as thus defined, is merely the physical writing which furnishes the desired information and not an assertion of a legal right." The substance of a claim, as that term is used in the statute, is a declaration of an intention to claim insurance benefits under the contract of insurance. The decision of the Supreme Court in the Towery case, supra, which asserts that there is only "one right," namely, the "right to benefit payments" carries with it, logically, the necessary implication that there can be but one claim, that is, a claim for benefits under the insurance contract. The "claim" which was filed June 26, 1931, was equally with the first two "claims", a "writing which alleged permanent and total disability at a time when the contract of insurance was in force," and, equally with the first two claims, was a "writing" which used "words showing an intention to claim insurance benefits."[6]

▮▮▮▮ As stated above, the third claim was filed on June 26, 1931, within the statutory period and approximately a year after the decision of June 24, 1930 by the Central Board of Appeals, which decision was that the soldier was suffering from a compensable disability from the date of his discharge and was permanently and totally disabled from July 10, 1929, for insurance purposes. The recognition by the Bureau of partial disability from the date of discharge, and total disability from July 10, 1929, was sufficient to justify the veteran's refiling his claim, and the Administration did in fact reexamine and consider the claim and made a final decision on February 14, 1936; the decision being that permanent and total disability during the life of the veteran's war risk insurance contract had not been established. It is

stipulated that the Insurance Claims Council rendered a decision on May 1, 1935, denying that the veteran was permanently and totally disabled for insurance purposes at any time prior to the lapse of his insurance contract, and that on May 13, 1935, the present plaintiff was notified of the action taken by the Insurance Claims Council, the notification letter stating that an application for review on appeal could be filed with the Veterans' Administration prior to the expiration of one year and that if no appeal was taken within the year then the denial of the claim by the Insurance Claims Council was final.

Pursuant to the letter of May 13, 1935, the present plaintiff on September 28, 1935, filed an application with the Administrator of Veterans Affairs for a review of the action of the Insurance Claims Council; and on February 14, 1936, the Board of Veteran Appeals, acting for the Administrator of Veterans Affairs and under authority given by him, affirmed the decision of the Insurance Claims Council. Obviously, the United States Veterans Bureau treated the claim of June 26, 1931, as a claim under the act and passed upon and denied the same. The claimant was justified in relying upon the pendency of his claim and in awaiting final action thereon before beginning suit. That he was so relying is indicated by the language of the claim which contains the following statement: "In the event that this request is not granted, I intend to bring this matter into the federal courts for final decision."

In our opinion the running of the statutory period of limitations was suspended during the pendency of the claim filed on June 26, 1931.

▮▮▮▮ Since the claim pended for more than four years, the instant suit, which was filed on September 11, 1936, was brought within the statutory period, whether the date of occurrence of permanent and total disability is considered to have been June 30, 1927, or July 10, 1929.

We conclude that the District Court erred in granting defendant's motion to dismiss plaintiff's suit. The judgment must be reversed. The cause is remanded with instructions to overrule defendant's motion to dismiss and for further proceedings not inconsistent with this opinion.

Judgment reversed.

---

[5] 97 F.2d 762, 764, 117 A.L.R. 940.

[6] Section 19 of the World War Veterans' Act, as amended, 38 U.S.C.A. § 445.