### GALEY v. UNITED STATES.
### No. 8158.

Circuit Court of Appeals, Sixth Circuit.
June 7, 1939.

Vincent E. Schoeck, of Detroit, Mich., for appellant.

Keith L. Seegmiller, of Washington, D. C. (John C. Lehr and Francis X. Norris, both of Detroit, Mich., and Julius C. Martin, Wilbur C. Pickett, Fendall Marbury,

and Young M. Smith, all of Washington, D. C., on the brief), for the United States.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

On appeal from a directed verdict for the United States in an action by the administratrix of a deceased veteran on a certificate of war risk insurance, there is involved the meaning of § 305 of the World War Veterans' Act of 1924, as amended July 3, 1930, 38 U.S.C.A. § 516, whereby the Congress undertook to relieve veterans from a "seeming" [United States v. Woolen, 6 Cir., 25 F.2d 673, 677] or a "supposed" [United States v. Sellers, 5 Cir., 75 F.2d 623] lapse of their certificates for non-payment of premiums by permitting uncollected and uncollectible disability compensation, in specified circumstances, to be set off against premium liability.

The precise language of the section, insofar as applicable, is as follows: "Where any person has heretofore allowed his insurance to lapse, or has canceled or reduced all or any part of such insurance, while suffering from a compensable disability for which compensation was not collected and dies or has died * * * and at the time of such death * * * was or is entitled to compensation remaining uncollected, then and in that event, so much of his insurance as said uncollected compensation * * * would purchase if applied as premiums when due, shall not be considered as lapsed, canceled or reduced; * * * Provided further, That compensation which is uncollectible by reason of the provisions of section 310 of the War Risk Insurance Act, as amended, or § 210 of the World War Veterans' Act, 1924, as amended [section 499 of this title], shall be considered as uncollected compensation for the purposes of this section."

Section 210 of the World War Veterans' Act of 1924 (T. 38 U.S.C.A. § 499), provides: "That no compensation shall be payable for any period more than one year prior to the date of claim therefor * * *."

The deceased veteran was granted a war risk insurance certificate while in the service in the sum of $10,000. In 1923 he converted $2,000 thereof into an endowment policy, which continued in force until his death, and with which we are not concerned. The remaining $8,000 of insurance was continued in force to September 30, 1923, after which no premiums were paid thereon. On July 13, 1925, the veteran made claim for disability compensation, and on August 30, 1926, an award was made whereby the assured was rated and granted compensation for temporary total disability from January 5, 1920, to April 5, 1920, rated as less than 10% disabled from April 5, 1920, to July 13, 1925, as 10% temporarily and partially disabled from July 14, 1925, to March 21, 1926, as temporarily and totally disabled from March 21, 1926, to April 18, 1926, and as permanently and totally disabled thereafter to June 2, 1926, when he died. He received his disability payments from July 14, 1925, until his death, but no payment was made to him for the period January 5, 1920, to April 5, 1920, by reason of the impact of § 210 upon a claim first filed July 13, 1925. It is said without contradiction that the amount uncollected and uncollectible for that period was sufficient to keep his $8,000 policy in full force from the date of his last premium payment to the date of his death, and his administratrix now contends that under the provisions of § 305 she is entitled to recover thereon.

It will be observed that the section gives to the assured in satisfaction of unpaid premiums the benefit of any disability compensation which he has not collected notwithstanding such compensation may under limitations elsewhere in the Act have been uncollectible. It attaches, however, to the grant of this relief from forfeiture a condition, namely, that the policy was allowed to lapse by the assured "while suffering from a compensable disability."

Subsection (4) of § 202 of the Act provides that, "no compensation shall be payable for a reduction in earning capacity rated at less than 10 per centum." 38 U.S.C.A. § 474. It will be noted that the last premium was paid on September 30, 1923, within the period April 5, 1920, to July 30, 1925, during which the veteran had a disability rating of less than 10%. The sole question here involved is whether by reason of the limitation contained in § 305 the veteran was entitled to have his uncollected and uncollectible disability compensation set off against his premium liability. The appellant relies upon generalizations in the cases to the effect that war risk policies do not lapse for non-payment of

premiums so long as the government owes the veteran compensation which it has not paid. But these are all found in cases wherein it is clear that the veteran was suffering from a disability compensation for which was not limited by subsection 4 of § 202 at the time his policy lapsed. United States v. Hendrickson, 10 Cir., 53 F.2d 797; Berntsen v. United States, 9 Cir., 41 F.2d 663; United States v. Sellers, supra. Hollrich v. United States, D.C., 49 F.2d 445, 446, expressly recites that the veteran "Was then, on the rating of the Bureau, suffering from a compensable disability." In none of the references is there an adjudication of the right of set-off by reason of uncollected compensation to a veteran having a disability of less than 10% at the time of lapse, and it is a contradiction in terms to say that a disability is compensable when the statute forbids the payment of compensation by reason thereof.

As we understand the final argument of the appellant, it is that a disability is compensable if at any time during its continuance there has been a rating which, except for limitation on the time for filing of claim, would have entitled the veteran to compensation, and that this rating characterizes the disability as compensable throughout its duration. But this ignores the clear meaning of the phrase "while suffering from a compensable disability."

It may upon first impression seem difficult to understand the legislative reason for limiting the right of set-off to persons whose policies had lapsed while they were suffering from a compensable liability. While there is here no room for construction, yet were we seeking to illuminate the Congressional intent, it might well be considered that veterans whose earning capacity is reduced by less than 10% were thought less in need of protection from forfeiture than those more greatly handicapped in maintaining premium payments.

We have examined the recent decision of United States v. McClure, 305 U.S. 472, 59 S.Ct. 335, 83 L.Ed. 296, with care. It does not reach the point at issue. The fortuitous use of the phrase "service connected disability" as descriptive of disability the uncollectible compensation for which § 305 permits to be used in revivor, is not an adjudication that all service connected disability is compensable within the meaning of the section.

The judgment below is affirmed.