## UNITED STATES *v.* TOWERY.

No. 360. Argued January 31, 1939.—Decided February 27, 1939.

Mr. *Wilbur C. Pickett,* with whom *Solicitor General Jackson,* and *Messrs. Julius C. Martin, Fendall Marbury,* and *W. Marvin Smith* were on the brief, for the United States.

*Mr. Edward H. S. Martin* for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This case turns upon the proper construction of the limitation provision of § 19 of the World War Veterans Act of 1924, as amended.[1]

The respondent brought an action in the District Court for Northern Illinois in his own right and as administrator of Robert C. Towery, deceased, upon claims on two war risk insurance term policies issued to the decedent while in the military service of the United States. The claim of respondent as administrator was for total permanent disability benefits alleged to have accrued to the insured in his lifetime, and the claim as beneficiary designated in the policies was based upon the death of the insured. The complaint alleged that the premiums were deducted from the insured's pay during his military service, from which he was discharged June 18, 1919; that he became totally and permanently disabled, while the policies were in force, on June 18, 1919; that he died April 22, 1927; that, on May 2, 1927, respondent was appointed administrator; that, on February 11, 1932, respondent made claim for disability and death benefits

---

[1] Act of June 7, 1924, c. 320, § 19, 43 Stat. 612, as amended by Act of July 3, 1930, c. 849, 46 Stat. 992; U. S. C. Tit. 38, § 445.

under the policies; that the claim was denied by the Veterans Administration August 8, 1935. Suit was instituted June 29, 1936. The Government moved to dismiss on the ground that the action was barred by limitation. The District Court granted the motion and gave judgment for the Government. On appeal the Circuit Court of Appeals reversed.[2] We granted certiorari because of alleged conflict of decision.[3]

Section 19 provides that, in the event of a disagreement between the veteran and the Bureau as to a claim under a policy, the claimant may bring an action in the District Court to obtain a decision of the controversy. The statute then proceeds:

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act, whichever is the later date, . . . *Provided,* That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: *Provided further,* That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. . . ."

The Circuit Court of Appeals held that the "contingency," on the happening of which "the right accrued for which the claim is made," is not defined by the statute and must be ascertained from the policy provisions. In the light of these provisions the court held that, in the case of a claim for benefits payable to the insured, the contingency is the accrual of an installment and, in the case of a claim by a beneficiary, the contingency is the death of the insured.

---

[2] 97 F. 2d 906.

[3] See *United States* v. *Tarrer,* 77 F. 2d 423.

The policy, while for a stated amount, calls for payment in monthly installments, two hundred and forty of which (interest being calculated at three and one-half per cent.) would equal the principal sum. Contrary to the view of the court below, disability benefits to the insured do not cease at the expiration of two hundred and forty months but are continued for life if the disability so long lasts.[4] Should the insured die, however, prior to the payment of two hundred and forty installments, further installments up to the limit of two hundred and forty are payable to his beneficiary. Should the beneficiary die before the receipt of all the remaining installments up to two hundred and forty, the commuted value of the unpaid installments is payable to the estate of the insured in one sum.[5] The court below reached its conclusion as to the meaning of the Act, first, by examination of the phrase "within six years after the right accrued for which the claim is made." In the view that, in case of the death of the insured, the beneficiary has a "right" for which a claim may be made and that, prior to the death of the insured, the latter also has a "right," namely, to receive each monthly benefit installment, the court concluded that there were two rights. If this be the correct view there is still a third "right,"—that of the administrator of the insured to claim a lump sum commuted value for installments unpaid to the beneficiary at the date of the latter's death. The court then addressed itself to the meaning of the word "contingency" in the first proviso of the section: "it shall be deemed that the right accrued on the happening of the

---

[4] Act of Oct. 6, 1917, c. 105, § 402, 40 Stat. 398, 409. Bulletin No. 3 Treasury Department, October 16, 1917. Regulations and Procedure U. S. Veterans Bureau 1930, Part II, pp. 1241, 1258, 1259.

[5] World War Veterans Act, 1924, as amended, U. S. C. Tit. 38, § 514; *McCullough* v. *Smith*, 293 U. S. 228.

contingency on which the claim is founded." The court held that, in the case of a disabled veteran, at least two contingencies must occur before the right to any monthly benefit accrued,—namely, the occurrence of permanent disability while the policy was in force and the existence of the disability at the date for which a particular monthly payment is claimed. In the case of a beneficiary, the court was of opinion that another contingency must be added, namely, the death of the insured. It made the choice from these possible alternatives by holding that the right accrued in the case of a living insured on the date when each monthly benefit payment became due and, in the case of a benficiary, when the insured died. This construction is said to comport with the liberal policy of Congress towards veterans and to be supported by the fact that an alternative period of one year from the date of the passage of the statute was accorded by Congress. The court viewed the six year period as a liberalizing alternative to the one year period, and, therefore, held the claim of the respondent, as beneficiary, was timely because suit had been instituted within the six year period as enlarged by the duration of the Veterans Administration's consideration. The claim, as administrator, for installments accruing in the life of the insured, was held maintainable for such installments as accrued due within six years (plus the additional time allowed for administrative consideration) prior to the institution of suit. We are unable to adopt this construction of the statute.

Section 19 plainly intends to put a time limitation upon the institution of suit, whereas, the decision of the court below would provide no such limitation upon suits by veterans for total permanent disability benefits, but simply a limitation on the number of installments recoverable; and, in application to disability cases, would

preclude only a recovery of certain installments whereas new suits might be brought thereafter by veterans, if living, in cases in which prior suits had been held barred.

We think the legislation and the policy do not confer two rights. The beneficiary's interest in the policy is derivative from that of the veteran. It may be taken away by legislation, even after the death of the insured.[6] There are different events upon the happening of which the payment of benefits to the veteran or to his beneficiaries or to his estate depend. We think it highly unlikely that Congress intended to accord each of the claimants of possible benefits under the policy six years from the time any installment or lump sum payment fell due within which to bring suit.

Millions of veterans allowed their yearly convertible term insurance to lapse when they left the Service.[7] Congress provided that if, at the time of the lapse, the veteran was totally and permanently disabled he might recover notwithstanding he had not made immediate and timely claim. Section 19 of the Act of 1930 was an amendment of an earlier act. The statute was undoubtedly intended as one of repose. The purpose of its adoption, as shown by the Committee Reports,[8] was to substitute a uniform rule of limitation for suits on contracts of insurance in lieu of the state statutes, which, pursuant to the Conformity Act, had theretofore been applied. These varied as respects the period prescribed from three to twenty years. As the reports show, the additional year from the date of the passage of the Act was granted to prevent the hardship of cutting off claims which would have been barred by the six year limitation

[6] *White* v. *United States*, 270 U. S. 175.

[7] *Lynch* v. *United States*, 292 U. S. 571, 576.

[8] House Committee Report No. 1274, 70th Congress, First Session, p. 1. Senate Committee Report No. 1297, 70th Congress, First Session, p. 1.

at the date of the Act. A reading of the section as a whole is persuasive that what Congress intended by "the contingency upon which the claim is founded" was the contingency on which liability under the policy was bottomed, namely,—permanent disability or death while the policy remained in force.

The construction adopted by the court below would permit the bringing of suits even twenty years after the disability occurred. It is obvious that each year ascertainment of the essential facts which conditioned liability would become more difficult. We think then that, reasonably construed, the section provides that there shall be but one right,—that is, the right to benefit payments, and but one critical contingency which conditions that right, namely, the occurrence of permanent total disability or death while the policy remains in force.

All the other contingencies referred to by the court below, which condition actual payment of the benefits to one person or another, are of minor importance. They are not matters with respect to which disagreement with the Veterans Administration is likely.

Two objections are raised by the respondent to this construction of the section. First, it is said that if suit is brought on a policy and judgment recovered that judgment is only for the installments which have theretofore fallen due and that if the Government should fail to pay subsequently accruing installments these might, under our ruling, be barred by the six year limitation. We have said: [9] "Undoubtedly, when one's right to recover is established by judgment, the Veterans' Bureau will pay him installments maturing in his favor after the commencement of the action." This has been the consistent administrative practice. Indeed the Bureau has treated a judgment for installments due the veteran as requiring,

[9] *United States* v. *Worley*, 281 U. S. 339, 341.

without further claim, the payment of remaining installments due the beneficiary after his death.[10]   The other objection is that, as benefit payments cease on the cessation of the disability, the Veterans Administration may refuse further payments on that ground and, if the insured disagrees with the Bureau's ruling, a suit to test its validity may be barred.   The answer is that, under the policy's terms and the administrative rulings, the policy is automatically reinstated for a reduced sum after taking account of the prior payment of benefits and may be continued in force by the insured by the payment of future premiums.[11]   If he contends that when the policy is thus reinstated he is still permanently and totally disabled, he has the full six years granted by the statute in which to litigate the claim since, if he can establish his contention, he would have been totally and permanently disabled at a time when the policy was in force.

  The judgment is

*Reversed.*

---

[10] Letter of Solicitor of Veterans Administration, February 8, 1938.
[11] Veterans' Administration Regulations R. 3141-3143.