### SIMMONS v. UNITED STATES.
### No. 4584.

Circuit Court of Appeals, Fourth Circuit.
March 11, 1940.

Robert Lee Smith, of Asheville, N. C. (Walter L. Pfaff, of Asheville, N. C., on the brief), for appellant.

Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C. (W. R. Francis, Asst. U. S. Atty., of Waynesville, N. C., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Fendall Marbury, Sp. Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from a judgment of the United States District Court dismissing a civil action, brought by appellant upon a policy of war-risk insurance. An action, to recover total and permanent disability benefits, had been brought in March, 1939, upon a lapsed policy of war-risk term insurance. The question as to the revival of the policy is not here involved; for the District Court dismissed the suit on the ground that it was barred by the limitation provision of Section 19, World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 445. Whether or not this action was rightfully dismissed under the bar of the statute of limitations is determined by a chronology of acts occurring prior to the filing of the action, and by definitions establishing the legal effect of these acts.

It is quite clear that plaintiff-appellant was totally and permanently disabled (deaf), as of December 6, 1927. Plaintiff was notified of this rating by letter of March 16, 1928, from the U. S. Veterans' Bureau, and then received an increased compensation award, which was given a retroactive effect. On August 12, 1930, plaintiff wrote to United States Senator Simmons, inquiring whether a "new law" entitled him to additional insurance benefits "on account of total disability", and asked the Senator to take the matter up with the Veterans' Bureau. The Veterans' Bureau received from Senator Simmons a copy of this letter. The Awards Division of the Bureau received also a letter of August 26, 1930, from the plaintiff. This letter of plaintiff stated: "Will you please advise me if I am entitled to my war risk insurance, under the provisions of the new act which was passed in June affecting same. Since I have been drawing compensation for permanent and total disability since December 6, 1927, I feel that I am entitled to this insurance, which is a $5,000. policy."

A reply to this letter, sent to the plaintiff by the Veterans' Bureau, dated September 2, 1930, was signed: "By direction, H. H. Milks, Chief Awards Division". Its contents included a quotation from a response by the Bureau to Senator Simmons' inquiry:

"You are advised that the records disclose that the veteran while in the service made application for $5,000.00 insurance. He was discharged from the service on May 13, 1919, and permitted his insurance to lapse for the nonpayment of premium due July 1, 1919. The records disclose that the veteran became permanently and totally disabled on December 6, 1927. At that time his insurance was not in force and for that reason is not payable.

"There appears to be no provision in the new law that affects the status of the insurance in this case. Section 305 of the World War Veterans' Act [38 U.S.C.A. § 516] provides that where a veteran has a compensable disability at the date his insurance lapsed and he has remaining due and uncollected compensation at the date of permanent and total disability such compensation may be used to revive the insurance. The amount of insurance revived, of course, depends upon the amount of uncollected compensation.

"Inasmuch as all United States Government Term Insurance, the kind which the veteran was granted, ceased to exist on July 2, 1927, and inasmuch as the veteran became permanently and totally disabled on December 6, 1927, it would appear that Section 305 is not applicable.

"It is regretted that it is not possible to furnish you a more favorable report regarding this matter."

After receiving this letter, plaintiff did nothing more until June 8, 1937, when he wrote to H. L. McCoy, Insurance Director of the Veterans' Administration, and

in specific terms set out his disability, asked for a review of his case, and claimed disability benefits under his policy. By reply, plaintiff was advised by the Veterans' Bureau that, while his insurance had lapsed, he could, if he felt he was permanently and totally disabled while his insurance was in force and wished a further review of his case by a Division of the Veterans' Bureau, execute certain enclosed forms. These forms were executed by the plaintiff and were submitted by him to the Veterans' Administration. An adverse decision as to the revival of plaintiff's policy, however, was rendered in August, 1937, by the Insurance Claims Council, which referred to plaintiff's claim as having been filed in August, 1930. Plaintiff then filed an appeal to the Board of Veterans' Appeals, which affirmed the decision (adverse to plaintiff's claim) of the Insurance Claims Council; whereupon, plaintiff was advised on June 28, 1938, of the "final administrative denial" of his claim. The instant civil action was filed by the plaintiff in the United States District Court on March 3, 1939.

The Federal statute governing the question whether the suit was filed in time, (as contained in 38 U.S.C.A. § 445), provides in part:

"In the event of a disagreement as to claim, * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the district court of the United States. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made * * *: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * *

"The term 'claim', as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits, and the term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator."

Since more than eleven years elapsed from the time plaintiff's right accrued in 1927 until suit in the District Court was filed in 1939, it would be necessary, in order to avoid the bar of the statute of limitations, to hold, as plaintiff-appellant contends, that plaintiff's first letter, in 1930, to the Veterans' Bureau constituted a claim and that the statutory limitation was thereafter suspended until the final administrative denial in 1938. We think the suit was not filed in time under the limitation provisions of the statute.

■ It should be noted, although the point is not here decisive of the limitation period, that contrary to appellant's contention, the statute commenced to run from December 6, 1927, when claimant became totally and permanently disabled and not from March 16, 1928, when he was notified of this rating. The statutory provision seems clear upon this point and it has been said that: "A reading of the section as a whole is persuasive that what Congress intended by 'the contingency on which the claim is founded' was the contingency on which liability under the policy was bottomed, namely,—permanent disability or death while the policy remained in force." See United States v. Towery, 1939, 306 U.S. 324, 331, 59 S.Ct. 522, 525, 83 L.Ed. 678.

■ The running of the statute was then suspended or tolled from August 26, 1930; for we construe plaintiff's letter of this date as a claim, within the meaning of the statute. While the letter contained an inquiry, plaintiff did mention his permanent and total disability, and used "words showing an intention to claim insurance benefits". With due regard for a policy of liberal construction of the Veterans' Act and with sympathetic consideration for the illiteracy of many claimants, this Court has, when possible, tended to avoid technical rulings against claims. Compare United States v. Townsend, 4 Cir.1936, 81 F.2d 1013, with United States v. Collins, 4 Cir., 1932, 61 F.2d 1002. In the instant case plaintiff's rights require that this first letter be construed as a claim; for his next communication with the Veterans' Administration was not until 1937, far beyond the six-year limita-

tion period. Moreover, the Veterans' Administration was not prejudiced; it was well apprised of plaintiff's position by virtue of his letter and the Simmons' letter.

However, the form of the claim bears upon its rejection. Thus, the Milks' letter of September 2, 1930, in reply to plaintiff was undoubtedly responsive to plaintiff's letter and it advised him that his insurance was not payable. We think it constituted a "denial" as that term is used in the statute. Cf. Burns v. United States, 2 Cir., 1939, 101 F.2d 83. Appellant strenuously contends that this denial is not a "disagreement" on which he might have brought action in the District Court, and from which the limitation period again ran. Such a disagreement, he asserts, exists under the statute, 38 U.S.C.A. § 445, supra, only where the denial is by the Administrator or someone acting in his name on an appeal. While this point was not explicitly covered in the Burns opinion, supra, in that case, as here, the letter of rejection was signed by another official "by direction", and the proceeding was not an appeal. We think the point is controlled by a 1935 amendment to Section 19, made retroactive from 1930, 38 U.S.C.A. § 445c: "A denial * * * by the Administrator * * * or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 445 * * *."

The apparent conflict between the two statutory provisions and the diverse statements appearing among the multitude of cases touching upon the limitations period, make it expedient that we should give on the question a brief exposition of the opinion of this Court. The first provision, in § 445, requiring denial by the Administrator on appeal, "has for its purpose the establishment of a definite rule that before suit is brought a claimant must make a claim for insurance and prosecute his case on appeal through the appellate agencies of the bureau before he shall have the right to enter suit". Report of the Senate Finance Committee, set out in United States v. Densmore, 9 Cir., 1932, 58 F.2d 748, 750. This section, we take it, was intended to insure application of the general rule of jurisdiction that administrative remedies must be exhausted before appeal is made to the courts. Regardless of this intent, however, many claims, as in the instant case and in the Burns case, lay dormant after a rejection by a subordinate official and were not appealed within the Veterans' Administration. Later when suit was brought upon such denials, decisions varied as to whether there had been a "disagreement". Evidently, the action of the Supreme Court in Frederick v. United States and Earwood v. United States, 1935, 294 U.S. 695, 55 S.Ct. 511, 79 L.Ed. 1233, indicates that the amendatory provision of 1935 was passed for legislative clarification. See Howard v. United States, 6 Cir., 1938, 97 F.2d 987, 989.

Obviously the broader definition of "disagreement" in § 445c, supra, did not repeal the earlier provision, nor did it abrogate claimants' right to administrative appeal. The effect of the amendment was, as we have applied it, to start the limitation running again from the time when the claim is denied by one with designated authority. However, if the claimant duly prosecutes his claim through proper administrative appeals, this time would not fall within the six year limitation period; but if no action is in fact taken by the claimant, the mere right to appeal does not prevent or toll the running of the statute of limitations. Cf. Harris v. United States, 4 Cir., 1934, 72 F.2d 982. This construction of the two statutory provisions, we think, guarantees the nature of the act "as one of repose", see United States v. Towery, supra, 306 U.S. at page 330, 59 S.Ct. at page 524, 83 L.Ed. 678. While we have rather consistently adhered to a liberal policy on behalf of claimants, we yet must respect the clear statutory limitation upon the Government-granted right to sue the Government. Non-action by a claimant can not be permitted to suspend indefinitely the running of the statutory period of limitation or allowed to encourage attempts to enforce stale claims in the courts. Our construction apparently coincides with the view of the Sixth Circuit, appearing in Howard v. United States, supra.

In the light of our view, it is unnecessary to consider the Government's argument that Regulations 1004 and 1005 of the Veterans Administration operated upon Section 19 to cause a "disagreement", as defined in § 445. Our conclusion is not disturbed by the fact that the 1935 amendment was passed after the limitation period had run for plaintiff; there was

300

no excuse for the claimant's failure to establish his rights either by administrative appeal or by institution of suit. The judgment dismissing the action is affirmed.

Affirmed.