**COLE v. UNITED STATES.**

**No. 7416.**

United States Court of Appeals for the

District of Columbia.

Argued March 4, 1940.

Decided April 15, 1940.

C. L. Dawson, of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., G. M. Fay, Asst. U. S. Atty., Young M. Smith, Fendall Marbury, and Wilbur C. Pickett, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

The single question on this appeal is whether the action is barred by the statute of limitations.[1] The original petition was filed in the District Court on December 7, 1937. Subsequently an amended petition was filed, alleging that appellant was one of two beneficiaries named in a war risk insurance contract issued to Charles J. Vacanti, a brother, who died September 13, 1925.

The demurrer filed on behalf of the United States admits that the policy was in force and effect at the time of insured's death and that under its terms appellant as beneficiary was entitled to receive 240 monthly installments of $27.07 each, beginning with the death of the insured. For some reason not explained in the pleadings, no installment was paid to appellant until June 13, 1937. Shortly thereafter this action was brought to recover all installments which became due within six years prior to the filing of appellant's claim with the Veterans' Administration on October 9, 1937.

The District Court held that the entire claim was barred by limitations.

Appellant's position here is that a separate six-year limitation period runs from the due date of each such installment, as in the case of ordinary installment contracts.

The United States, on the other hand, insist that the period as to all installments began at the date of insured's death.

The question would be very interesting if it were still open, but we think it is answered definitely and conclusively by the decision in United States v. Towery, 306 U. S. 324, 59 S.Ct. 522, 524, 83 L.Ed. 678. In that case the Supreme Court held that "the contingency on which the claim is founded" means the contingency of disability or death while the policy is in force,

---

[1] "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act [July 3, 1930], whichever is the later date * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded * * *."

Sec. 19, World War Veterans' Act, 1924, as amended July 3, 1930, c. 849, 46 Stat. 992, 38 U.S.C. Sec. 445, 38 U.S. C.A. § 445.

whichever happens to be the event on which the claim is bottomed, and that action must be begun within six years of that event. Here the claim is based on death in 1925, and suit was not brought until 1937.

Controlled, as we think we are, by this decision, we have no other recourse than to affirm the judgment of the trial court.

Affirmed.