## MORGAN v. UNITED STATES.

### No. 9512.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1940.

Rehearing Denied Jan. 14, 1941.

---

[3] 38 U.S.C.A. § 426.

428

John J. McCreary, of Macon, Ga., for appellant.

Thomas E. Walsh, Atty., Dept. of Justice, of Washington, D. C., and H. G. Rawls, Asst. U. S. Atty., of Macon, Ga., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This suit was brought by the widow of a deceased World War veteran to recover automatic insurance benefits under the provisions of the War Risk Insurance Act of October 6, 1917, 40 Stat. 398. ·A motion to dismiss was sustained on the ground that the action was barred by limitation.

The correctness of the dismissal on this ground is the only question for our decision, and it must be resolved by determining when the statute of limitation began to run.

The soldier died on May 18, 1918. Appellant filed her claim for automatic insurance in January, 1933, which was allowed on February 9, 1933, and discontinued on November 29, 1933. The reason assigned by the Veterans Administration for stopping the benefits was the violation, by appellant, of Section 22, subsection (5) of the War Risk Insurance Act, as amended, 40 Stat. 401. This suit was filed on October 23, 1939.

It is appellant's contention that her cause of action accrued, within the meaning of the statute, either on the date the payments were stopped by the administrator's action, which was less than six years prior to the institution of suit, or upon the commencement of the illicit cohabitation charged in the notice, of which date the record contained no proof. The court took the position, as argued by the Government, that the statute began to run from the date of the veteran's death.

The issue thus presented turns upon the construction of Section 405 of the War Risk Insurance Act of October 6, 1917, 40 Stat. 410, as amended by the act of May 29, 1928, 45 Stat. 964, as amended by the act of July 3, 1930, 46 Stat. 992, 38 U.S.C.A. § 445. These statutes authorized suits against the United States on actions such as this, but required them to be brought within six years after the right accrued for which the claim was made, or within one year after July 3, 1930, whichever should be the later date. They provided that these rights accrued, within the meaning of this law, on the happening of the contingency upon which the claim was founded.

Liability under the policy in suit was bottomed on two contingencies only: death or permanent disability while the policy remained in force. This has been settled by the decision of the Supreme Court in the case of United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678.[1] Necessarily, therefore, the contingency which gave rise to liability in the instant case was the death of the insured on May 18, 1918. The most liberal allowance of time for the institution of a suit did not extend beyond July 3, 1931. The institution

[1] See also United States v. Tarrer, 5 Cir., 77 F.2d 423; Bono v. United States, 2 Cir., 113 F.2d 724.

of this suit in 1939 was, therefore, too late to withstand successfully the motion to dismiss.

 The fact that the appellant was paid certain of the installments in the year 1933 could not operate as a waiver of the defense of limitations, nor could it estop the Government from pleading it. The institution of this suit within a specified time was a condition precedent to the jurisdiction of the court, and the failure to do so operated as a bar to judgment without being pleaded. Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; Lynch v. United States, 5 Cir., 80 F.2d 418; Munro v. United States, 2 Cir., 89 F.2d 614; Bono v. United States, 2 Cir., 113 F. 2d 724.

Affirmed.