## SULLIVAN v. UNITED STATES.

### No. 8436.

Circuit Court of Appeals, Sixth Circuit.

Jan. 9, 1941.

A. E. Funk, of Frankfort, Ky. (J. J. Leary, Earl S. Wilson, and A. E. Funk, all of Frankfort, Ky., on the brief), for appellant.

Keith L. Seegmiller, of Washington, D. C. (John T. Metcalf, of Lexington, Ky., and Julius C. Martin, Wilbur C. Pickett, and Samuel Flatow, all of Washington, D. C., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

Suit by appellant upon two War Risk Insurance policies. The question is, whether the court erred in sustaining appellee's motion to dismiss upon the ground that the suit was barred by the statute of limitations.

The complaint alleged, that appellant became totally and permanently disabled within the life of the policy, on October 29, 1919. The statute began to run from that date. United States v. Towery, 306 U.S. 324, 331, 59 S.Ct. 522, 83 L.Ed. 678. Appellant had therefore until July 3, 1931, Sec. 19 of the World War Veterans' Act, 38 U.S.C.A. § 445, to sue.

The complaint alleged that appellant applied for benefits under the policies

for total and permanent disability to the Veterans Bureau on March 26, 1931. The act provides "that this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. * * *" Appellant therefore had ninety-nine days after the denial of his claim within which to sue. United States v. Green, 6 Cir., 84 F.2d 449.

The complaint alleged, that on or about November 11, 1932, appellant was notified by the Veterans Administration that on November 9, 1932, the Insurance Claims Council had refused his claim on the ground that the evidence submitted in connection therewith was insufficient to show that he became permanently and totally disabled for insurance purposes at the time of his discharge or at any time thereafter. In his first amended complaint appellant averred that he had received the following letter from the Director:

"Dear Sir:          November 11, 1932.

"Your claim for payment of insurance on account of permanent and total disability from the date of your discharge from military service has received careful consideration in this office and you are informed that *on November 9, 1932, the Insurance Claims Council rendered a decision to the effect that the evidence submitted in connection with your claim is not sufficient to show that you became permanent and total for insurance purposes at the time of your discharge nor at any time subsequent to your discharge. It will, therefore, be impossible for this Administration to make payment of any insurance to you.*

"*If you wish, you may consider this decision as final and in that event the suspension of the statute of limitations as provided in Section 19 of the World War Veterans Act, 1924, as amended, ceases from and after the date this letter reaches your present address. This may be treated as a letter of disagreement if you desire to institute suit* in a proper court to recover on your insurance contract on the theory that you did become permanent and total for insurance purposes at a time when you had insurance in force with this Administration.

"Your compensation folder will now be decentralized to the Regional Office of this Administration at Louisville, Kentucky. All future correspondence by you in regard to your claim should, therefore, be directed to that office.

"Respectfully
"(Signed) H. L. McCoy,
"Director of Insurance."

We have italicized portions of this letter.

The denial of appellant's claim by the Council and his notification thereof by the letter of the Director were both clear cut and decisive. The "disagreement" as a prerequisite to suit, existed. The decision of the Council made under the authority and direction of the Director, Sec. 5 of the World War Veterans' Act, 38 U.S.C.A. § 426, was final and upon receipt of the letter appellant might have appealed to the Director had he exercised this right within sixty days therefrom. Vet. Adm. Reg. 3204. Had he appealed, the limitation would have been suspended during the period the claim was pending in the Veterans Administration. Howard v. United States, 6 Cir., 97 F.2d 987; Simmons v. United States, 4 Cir., 110 F.2d 296, 299. But, according to the allegations of the complaint, he made no effort to appeal until May 28, 1935, which was of course too late. He had the alternate remedy of suing within ninety-nine days after his receipt of the letter, which he admits was about the date upon which it was written; but he did not commence his action until April 30, 1937, and the bar of the statute had long since fallen.

We are not concerned with the recitations of the complaint touching appellant's efforts to renew his claim after it was barred (Ball v. United States, 6 Cir., 101 F.2d 272, 274; Neely v. United States, 4 Cir., 115 F.2d 448, 452); nor with the effect of the Act of June 29, 1936, Ch. 867, Sec. 404, 49 Stat. 2034, 38 U.S.C.A. § 445d, which provides that in addition to the suspension of the limitation as heretofore indicated, the claimant shall have ninety days from the date of the mailing of the notice of denial within which to sue, because such provision has no application to a barred suit. Dowell v. United States, 5 Cir., 86 F.2d 120, 122.

Judgment affirmed.