**VAUGHN et al. v. UNITED STATES.**

No. 440.

District Court, E. D. Arkansas, W. D.

Jan. 28, 1942.

Elmo Taylor, of Searcy, Ark., and Mrs. Grace W. Tellier, of Little Rock, Ark., for plaintiffs.

J. E. Lightle, Jr., Asst. U. S. Atty., of Little Rock, Ark., and Chas. L. Chalender, Atty., Department of Justice, Springfield, Mo., for defendant.

LEMLEY, District Judge.

This is an action on a war risk term insurance policy, brought against the United States of America by J. E. Vaughn, as administrator of the estate of James B. Vaughn, an alleged insane person, deceased, and John H. Vaughn, as beneficiary under said policy.

The plaintiffs allege in their complaint that the insured, James B. Vaughn, was inducted into the naval service of the United States during the World War; that on December 19, 1917, while in the service, he applied for and was granted a policy of war risk term insurance in the amount of $10,000, in which policy his father, the plaintiff John H. Vaughn, was named as beneficiary; that the premiums were paid on said policy up to and including October 31, 1919, by deductions from the insured sailor's pay; that on said date of October 31, 1919, the insured became totally and permanently disabled from dementia praecox, catalonic type, and remained totally and permanently disabled from said disease until his death; that he died intestate on October 14, 1935; that the plaintiff J. E. Vaughn was appointed administrator of his estate on November 5, 1935; that on March 28, 1939, the administrator and beneficiary made claim upon the defendant through the Administrator of Veterans' Affairs, and that on August 30, 1939, the claim was denied. Said complaint was filed in this court on May 27, 1941, and judgment is prayed therein, on behalf of the administrator, for the accumulated monthly installments allegedly due the insured from September 30, 1919, the date of his disability, to October 14, 1935, the date of his death, and on behalf of the beneficiary for the monthly installments accumulating thereafter.

To the complaint, the defendant has addressed a motion to dismiss on the ground that the plaintiffs' cause of action, as shown by the allegations of the complaint, accrued on October 31, 1919, and this suit was not commenced within the time required by Section 19 of the World War Veterans' Act, 1924, as amended by Act approved July 3, 1930, § 4, 38 U.S.C.A. § 445; and contends that since, under the allegations of the complaint, the veteran died on October 14, 1935, and this cause of action was not filed until May 27, 1941, the court has no jurisdiction to hear and determine the same.

The pertinent part of the statute involved is as follows:

"In the event of disagreement as to claim, * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, * * *: Provided, That for the pur-

poses of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities."

This provision of Section 19 is not, strictly speaking, a statute of limitation. The pure statute of limitation merely limits or restricts the time within which a right, otherwise unlimited, may be exercised. The provision is more or less in the nature of those special statutory limitations, which are in reality statutes of creation, in which time is of the essence of the right claimed and the limitation is an inherent part of the statute from which the right in question arises. To such limitations the rules which govern pure statutes of limitation do not apply. See 37 C.J., Limitations of Actions, §§ 2 and 5. The United States cannot, of course, be sued except by its consent. The right to sue it on a contract of war risk term insurance is given solely by the provisions of this section, United States v. Jackson, 10 Cir., 34 F.2d 241, 242, 73 A.L.R. 316; and the commencement of the suit within the time prescribed is an indispensable condition of the action.

For the court to entertain the instant suit, it is essential that the plaintiffs allege facts bringing themselves squarely within the time provisions of the consent; and we do not think that they have done so here.

The complaint alleges that premiums were paid on the policy up to and including October 31, 1919, and that the insured became totally and permanently disabled on that date. The occurrence of the total and permanent disability, therefore, is "the contingency on which the claim is founded," United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 525, 83 L. Ed. 678; and under the statute suit ordinarily would have had to be brought on the claim within six years thereafter, or within one year after July 3, 1930, whichever was the later date. In the instant case, however, it is alleged that the insured was insane; and the statute contains a saving clause for persons under legal disability, which gives them three years within which to bring suit after the removal of their disabilities. Under this clause, suit could have been brought on behalf of the insured at any time prior to his death, or, had his disability been removed, within three years thereafter. Suit was not brought, of course, in his lifetime, nor was his disability ever removed, unless it could be said that death removed the same. If death could be held to have such an effect, the plaintiffs would not be aided thereby, as suit was not instituted within three years after the death of the insured.

The plaintiffs argue that the three-year saving clause is applicable only to the persons enumerated therein. They deny that it has any bearing whatever on the rights of the beneficiary or the administrator, and contend that they have six years from the date of the death of the insured within which to sue on the policy. We think this question was settled adversely to the plaintiffs' contention in United States v. Towery, supra. The death of the insured conferred no separate right upon the plaintiffs. They derive their rights through him. In the Towery case the Supreme Court, in holding that the administrator and beneficiary were barred in an action where the suit was not brought within six years after the occurrence of permanent total disability on the part of the insured, said:

"We think the legislation and the policy do not confer two rights. The beneficiary's interest in the policy is derivative from that of the veteran. It may be taken away by legislation, even after the death of the insured. There are different events upon the happening of which the payment of benefits to the veteran or to his beneficiaries or to his estate depend. We think it highly unlikely that Congress intended to accord each of the claimants of possible benefits under the policy six years from the time any installment or lump sum payment fell due within which to bring suit.
*  *  *

"The construction adopted by the court below would permit the bringing of suits even twenty years after the disability occurred. It is obvious that each year ascertainment of the essential facts which conditioned liability would become more difficult. We think then that, reasonably

construed, the section provides that there shall be but one right,—that is, the right to benefit payments, and but one critical contingency which conditions that right, namely, the occurrence of permanent total disability or death while the policy remains in force."

Since, under the allegations of the complaint, the insured became totally and permanently disabled on October 31, 1919, and died on October 14, 1935, and claim was not filed until March 28, 1939, this action, under the decision in the Towery case, was barred prior to the filing of the suit on May 27, 1941.

The motion to dismiss is sustained.