**ROSKOS v. UNITED STATES.**

No. 7920.

Circuit Court of Appeals, Third Circuit.

Argued May 5, 1942.

Decided Sept. 4, 1942.

Samuel A. Schneiderman, of Bayonne, N. J., for appellant.

Thomas E. Walsh, Department of Justice, of Washington, D. C. (Charles M. Phillips, U. S. Atty., of Trenton, N. J., and Samuel M. Gold, Atty., Department of Justice, of New York City, Julius C. Martin, Director, Bureau of War Risk Litigation, and Fendall Marbury, both of Washington, D. C., Atty., Department of Justice, on the brief), for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

The plaintiff sued in her individual right to recover the benefits of a war risk insurance policy whereof she was the designated beneficiary. The policy, which had been issued upon the life of the beneficiary's brother, lapsed on April 30, 1919, because of nonpayment of premiums. It is the plaintiff's contention that the policy was revived by virtue of Sec. 305 of the World War Veterans' Act of 1924 as amended[1] and that liability thereunder

---

[1] June 7, 1924, c. 320, § 305, 43 Stat. 626, as amended July 2, 1926, c. 723, § 16, 44 Stat. 799, May 29, 1928, c. 875, § 17, 45 Stat. 971, and July 3, 1930, c. 863, § 1, 46 Stat. 1016, 38 U.S.C.A. § 516.

752

matured because of the insured's total and permanent disability "long prior to July 1, 1927". The insured died intestate on May 25, 1934, without having made claim to the insurance benefits under the policy. The instant suit was filed on November 6, 1940.

The government moved to dismiss on the grounds "that the complaint does not state facts sufficient to constitute a cause of action; that the action is not commenced within the time prescribed by Section 445, Title 38, U.S.C.A., and is, therefore, barred by the statute of limitations and that this Court is without jurisdiction to hear and determine this action." The learned court below dismissed the complaint on the ground that the plaintiff (a sister) was not within the designated class of beneficiaries entitled to the benefits of a war risk insurance policy revived under Sec. 305 of the War Veterans' Act of 1924 as amended by the Act of July 2, 1926. The present appeal is from that order.

The allegations of the complaint disclose so plainly that suit upon the policy was barred by the statute of limitations that we deem it unnecessary to discuss or consider any of the other questions incidental to the appeal.

The limitation upon the right to sue the government on a policy of war risk insurance is contained in Sec. 19 of the War Veterans' Act of 1924 as amended, 38 U. S.C.A. § 445, which in material part provides that,—

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * *."

It has been squarely ruled that "the contingency upon which the claim is founded", as specified in the above quoted provision, is "the contingency on which

liability under the policy was bottomed, namely,—permanent disability or death while the policy remained in force." United ed States v. Towery, 306 U.S. 324, 331, 59 S.Ct. 522, 83 L.Ed. 678, rehearing denied 306 U.S. 668, 59 S.Ct. 640, 83 L.Ed. 1063. In that case Mr. Justice Roberts, speaking for the Supreme Court, further said at page 331 of 306 U.S., at page 525 of 59 S.Ct., 83 L.Ed. 678, that " * * * We think then that, reasonably construed, the section provides that there shall be but one right,—that is, the right to benefit payments, and but one critical contingency which conditions that right, namely, the occurrence of permanent total disability or death while the policy remains in force." Cf. Bono v. United States, 2 Cir., 113 F.2d 724, 725; Cole v. United States, 72 App.D. C. 118, 112 F.2d 203, certiorari denied 311 U.S. 647, 61 S.Ct. 31, 85 L.Ed. 413; Simmons v. United States, 4 Cir., 110 F.2d 296, 298; Cable v. United States, 7 Cir., 104 F.2d 541, 543, and Wilson v. United States, 10 Cir., 70 F.2d 176, 179. Of course, if total and permanent disability does not occur before the insured's death intervenes, it is then the death which conditions the claim. The period of limitations begins to run accordingly. Cf. Cole v. United States, loc. cit. supra. But, where total and permanent disability exists, it necessarily precedes death and, hence is the condition which operates to mature the claim against which the period of limitations runs.

Such was the ruling in the Towery case. That it was intended to mean what it plainly says is fully confirmed by the result there arrived at, as an examination of the facts of that case will readily disclose. The pertinency of the decision in the Towery case to the facts of the instant case is plain. It may also be noted that the opinion in the Towery case makes no distinction between the two claims under the policy there asserted in a single suit, viz., the claim as administrator and the claim as beneficiary. The distinction which the present appellant suggests is, therefore, not well founded. In the case of Ivy v. United States, 5 Cir., 84 F.2d 37, 39, upon which the appellant principally relies, the court expressly approved its earlier conclusion in United States v. Tarrer, 5 Cir., 77 F.2d 423, 425, that the insured's total and permanent disability and not his death was the contingency upon which the particular claim was founded.

■ In the present case the plaintiff expressly avers that "the insured became permanently and totally disabled long prior to July 1, 1927, by reason of which" his war risk (term) insurance matured". Taking this allegation in the light most favorable to the plaintiff, certain it is that the contingency on which the claim is founded occurred at least on July 1, 1927. Suit on the claim was therefore barred by the statute after July 1, 1933. Yet, according to the plaintiff's complaint, the first time any claim to the insurance benefits under the policy was made was when the beneficiary (the insured having died March 25, 1934) filed an informal claim with the Veterans' Administration on July 28, 1934. That claim was later denied, as was also a more formal subsequent claim, and the present suit was instituted on November 6, 1940. The time during which the plaintiff's claim was under consideration in the Veterans' Administration did not operate to toll the statute for the period of limitations had already elapsed before any claim for benefit payments under the policy was ever filed.

■ The appellant argues that the government is estopped from pleading the statute of limitations because the Veterans' Administration received her claim and called for proofs in support thereof. This contention is untenable. It is well settled that, while the Veterans' Administration has authority to, and does, consider claims upon which the right to sue has been lost by lapse of time, such consideration cannot and therefore does not raise the fallen bar of the statute so as to revive the right to sue. Neely v. United States, 4 Cir., 115 F.2d 448, 452; Ball v. United States, 6 Cir., 101 F.2d 272, 274, certiorari denied 308 U.S. 563, 60 S.Ct. 74, 84 L.Ed. 473; Jenkins v. United States, 5 Cir., 86 F.2d 123, 124, certiorari denied 300 U.S. 675, 57 S.Ct. 673, 81 L.Ed. 880. The limitation of Sec. 19 of the War Veterans' Act is upon the court's power to entertain a suit. The limitation may not, therefore, be waived or abrogated by estoppel. Coleman v. United States, 6 Cir., 100 F.2d 903, 905. Even payment of installments under a policy does not operate as a waiver of the defense of limitations or estop the government from pleading it. See Morgan v. United States, 5 Cir., 115 F.2d 427, 429 certiorari denied 312 U.S. 701, 61 S.Ct. 806, 85 L.Ed. 1135. In that case it was said that the institution of suit on a war risk policy within a specified time is a condition precedent to the jurisdiction of the court and that a claimant's failure to sue timely operates as a bar to judgment without the statute's being specially pleaded. See, also, Bono v. United States, loc. cit. supra; Munro v. United States, 2 Cir., 89 F.2d 614, 616, affirmed 303 U.S. 36, 40, 58 S.Ct. 421, 82 L.Ed. 633; United States v. Trollinger, 4 Cir., 81 F.2d 167, 168; Lynch v. United States, 5 Cir., 80 F.2d 418, 419. The statute of limitations was, therefore, an effectual bar to the instant suit.

The judgment of the District Court is affirmed.