### DOMENA v. UNITED STATES.
### No. 4032.

Circuit Court of Appeals, First Circuit.

May 25, 1945.

Armando A. Miranda, of San Juan, Puerto Rico, for appellant.

Wilbur C. Pickett, Acting Director, Bureau of War Risk Litigation, Department of Justice, of Washington, D. C., Philip F. Herrick, U. S. Atty., and Pascual Amado Rivera, Asst. U. S. Atty., both of San Juan, Puerto Rico, Francis M. Shea, Asst. Atty. Gen., and Fendall Marbury, Atty., Department of Justice, of Washington, D. C., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court of the United States for Puerto Rico dismissing a complaint in an action filed on January 3, 1941, to recover on a policy of war risk insurance issued during the first World War.

Omitting recitation of procedural matters which in the view we take are inconsequential, the case may be stated thus: The plaintiff-appellant is the widow, and "judicial administrator" of the estate, of one Felix Manzano Reyes who was inducted into the United States Army on August 14, 1918, and discharged therefrom for physical disability on September 24, 1918, and who, while in the army, applied for and was granted War Risk Term Insurance in the amount of $10,000. Premiums for this policy were deducted from the insured's pay while he was in the service. No premiums were paid thereon after his discharge. In her complaint the plaintiff alleges that the insured while in the United States Army and while his insurance policy was in force, "became so disabled that he was unable thereafter to follow continuously any substantially gainful occupation" and that he "continued so disabled till his death," which occurred in Puerto Rico on December 3, 1937. The plaintiff alleges that she made claim on the policy, presumably sometime after her husband's, the insured's, decease, but she does not give the date, and that her claim was denied by the Veterans' Administration on February 29, 1940.

One of the defenses interposed by the government was that the plaintiff's action was not timely brought under 38 U.S.C.A. § 445,[1] § 19 of the World War Veterans' Act, 1924, as amended, and the court below,

[1] So far as material this Section reads: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs."

believing this defense to be good, ordered the plaintiff's action dismissed for want of jurisdiction. We are of the opinion that this conclusion is correct.

The plaintiff contends that the insured's total and permanent disability, which she says occurred while he was in the service and his insurance was in effect and continued uninterruptedly until his death, operated to suspend premium payments, and thus that the policy sued upon was in force when the insured died in 1937 and her suit for death benefits is timely. This contention was refuted by the Supreme Court in United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678. In that case on facts comparable to those before us here the court construed war risk term insurance policies as giving not two rights but only one, a right to benefit payments, and held that but one critical contingency conditioned that right, namely, the occurrence either of total and permanent disability or of death while the policy was in force, and that whichever event first occurred started the running of the period of limitation provided in the statute quoted in the footnote above. Thus on the plaintiff's allegations the critical contingency which conditioned the right to benefit payments which she derived from the insured occurred in September 1918 and the right of action on the policy has long been barred. In accord see Roskos v. United States, 3 Cir., 130 F.2d 751, 752, 753, and cases cited.

The judgment of the District Court is affirmed.