Warren E. Burger, Asst. Atty. Gen., Samuel D. Slade, Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., Seattle Wash., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for appellant.

John W. Fishburne, Tacoma, Wash., for appellee.

Before DENMAN, Chief Judge, and HASTIE and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

The Government appeals from a judgment of the United States District Court for the Southern Division of the Western District of Washington, in favor of Mrs. Siegel, suing under § 401 of the War Insurance Act as amended by § 12 of the Act of December 24, 1919, to recover insurance on the life of her son, a soldier. He disappeared on October 24, 1918 and never was seen again.

The district court held that Siegel's suit filed on June 4, 1952, over twenty-three years after his disappearance, was not barred by the limitation of the act under which the suit was filed, because the Army on Ocotber 23, 1918, listed him

**UNITED STATES of America,**
**Appellant,**

v.

**Elizabeth M. SIEGEL, Appellee.**

**No. 14336.**

United States Court of Appeals
Ninth Circuit.

Sept. 8, 1955.

as a deserter, from which list his name was not removed until February 19, 1949.

We agree with the Government that the listing as a deserter does not toll the limitation and that Mrs. Siegel could have begun her suit within the time limit. That time was extended, by § 1 of the act of May 29, 1928, 38 U.S.C.A. § 445, as follows:

"No suit shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made, or within one year from the date of the approval of this amendatory Act, whichever is the later date: *Provided,* That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded."

Nothing in the act sued on made the Army's listing as a deserter a bar to recovery by those benefited by the insurance, the act providing the insurance on *"any* person in the active service", in § 12, 41 Stats. 371, 374:

"*Any person in the active service* on or after the 6th day of April, 1917, and before the 11th day of November, 1918, who, while in such service, and before the expiration of one hundred and twenty days after October 15, 1917, or one hundred and twenty days after entrance into or employment in the active service, becomes or has become totally and permanently disabled, or dies or has died, without having applied for insurance, shall be deemed to have applied for and to have been granted insurance, payable to such person during his life in monthly installments of $25 each \* \* \*." [Emphasis added.]

Obviously if the desertion be construed as a cessation of service, his death would create no insurance under this section. For purposes of this opinion we assume he was in active service after his disappearance.

The "contingency on which the claim is founded" here is the death of the soldier within 120 days of his enlistment, that is before February 20, 1919. See, United States v. Towery, 1938, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678; United States v. Meakins, 9 Cir., 1938, 96 F.2d 751.

The six years of the amended act expired February 20, 1925. The year after the date of the amending act expired on May 29, 1929.

Since the district court is without jurisdiction the judgment is reversed. Mrs. Siegel's complaint is ordered dismissed for that reason.