John E. GALLIGAN, Plaintiff,

v.

UNITED STATES of America, and Robert Nimmo, Administrator of Veterans Affairs, Defendants.

No. 82–CV–3371.

United States District Court, E.D. New York.

June 13, 1983.

John E. Galligan, pro se.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Michael A. Mulqueen, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## DECISION AND ORDER

BRAMWELL, District Judge.

Plaintiff John E. Galligan, *pro se* brings this action pursuant to 38 U.S.C. § 784 (1976 & Supp.1983) against the United States of America and Robert Nimmo, Administrator of Veterans Affairs.[1] Plaintiff seeks an order directing the Administrator to grant him a waiver of premiums, retroactive to 1973, on his National Service Life Insurance policy and on his total disability rider. Plaintiff further requests an order directing the Administrator to pay him, also retroactive to 1973, $100.00 per month in total disability income provision benefits for the remainder of his life pursuant to the rider provision.

Plaintiff moves this court for an order granting him summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that there is no issue as to any material fact and that he is entitled to judgment as a matter of law. Defendants cross-move for an order dismissing plaintiff's complaint and granting

---

1. 38 U.S.C. § 784(a) (1976) provides in pertinent part,

"(a) In the event of disagreement as to claim, including claim for refund of premiums, under contract of National Service Life Insurance, United States Government life insurance, or yearly renewable term insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such person or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies."

defendants judgment pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

## BACKGROUND

Plaintiff, following his discharge from active military duty in 1953, purchased a $10,-000 National Service Life Insurance (NSLI) policy, effective on May 11, 1953. This policy provided, in relevant part, for a waiver of payment of premiums should the plaintiff become totally disabled. Plaintiff subsequently had a total disability income provision (TDIP) rider added to his policy, effective in June of 1965. This rider provided for monthly income of $100.00 to plaintiff, for life, in the event he became totally disabled.

The NSLI policy and subsequently added TDIP rider both define "total disability" as including "organic loss of speech". The insurance policy further states that the coverage is promulgated pursuant to the NSLI provisions of Title 38 of the United States Code. The policy expressly states that the insurance, ". . . is subject to the applicable provisions of that title and amendments or supplements thereto [and] regulations promulgated pursuant thereto . . ." (Insurance Policy annexed to Complaint as Exhibit A).

On December 12, 1972 plaintiff's larynx was totally removed by surgery because of a cancerous condition. It is uncontested that this surgery qualified plaintiff as totally disabled under 38 C.F.R. § 8.43(b) (1982).

Section 8.43(b) provides in pertinent part that,

> Organic loss of speech will mean the loss of the ability to express oneself, both by voice and whisper through normal organs of speech, if such is caused by organic changes in such organs. Where such loss exists, the fact that some speech can be produced through the use of an artificial appliance or other organ of the body will be disregarded.

38 C.F.R. § 8.43(b).

Both plaintiff's policy and total disability rider required that he file an application to obtain a waiver of premiums and disability income benefits.

Here, plaintiff made an application for waiver of premiums and total disability benefits on November 7, 1980, almost eight years after his larynx was removed. On December 3, 1980 the Veterans Administration Insurance Division notified plaintiff that he was entitled to waiver of premiums on his NSLI policy effective November 11, 1979. Plaintiff was denied benefits under the TDIP rider because plaintiff had cancelled the rider in early 1979.

Plaintiff subsequently claimed that his failure to file a claim at an earlier date was due to circumstances beyond his control. On this basis plaintiff requested that the V.A. grant him a waiver of premiums retroactive to January 11, 1973, and total disability income benefits retroactive to June 1, 1973. Plaintiff's claim was denied by the V.A. Insurance Division, and the denial was affirmed by the Board of Veterans Appeals on May 17, 1982. Plaintiff, thereafter instituted his claim for relief before this court.

## ACCRUAL OF THE CAUSE OF ACTION

■ Prior to this court's consideration of the merits of plaintiff's claims, it must be established that this court has jurisdiction to hear the suit. Plaintiff filed his claim for benefits with the V.A. on November 7, 1980. 38 U.S.C. § 784(b) provides in relevant part, that:

> No suit on . . . National Service Life Insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made. For the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded.

38 U.S.C. § 784(b) (1976 & Supp.1983).

The Supreme Court, in the case of *United States v. Towery*, 306 U.S. 324, 59 S.Ct. 522,

---

**2.** This opinion was originally rendered from the bench on April 8, 1983. At the request of the defendants it has been reduced to written form for publication.

83 L.Ed. 678, *reh'g denied,* 306 U.S. 668, 59 S.Ct. 640, 83 L.Ed. 1063 (1939) held that the "contingency" date is the date of disability or death. 306 U.S. 331, 59 S.Ct. 525. Cases following *Towery* have uniformly held that rights under the NSLI limitations statute, and predecessor War Risk Insurance Programs limitations statute accrue at the time of disability or death. *See, e.g., Domena v. United States,* 149 F.2d 810, 811 (1st Cir. 1945); *Moskowitz v. United States,* 145 F.2d 196, 197 (5th Cir.1944); *Roskos v. United States,* 130 F.2d 751 (3d Cir.1942), *cert. denied,* 317 U.S. 696, 63 S.Ct. 437, 87 L.Ed. 557 (1943) (cases under the former War Risk Insurance Program) *Timoni v. United States,* 419 F.2d 294, 298 (D.C.Cir.1969); *Riley v. United States,* 212 F.2d 692, 695 (4th Cir.1954) (cases under NSLI Program). Plaintiff attempts to distinguish all such cases on their facts, and to interpret *Towery* much more expansively to hold that the statute does not begin to run so long as the claimant is totally disabled and his policy remains in force by premium payments. Under this interpretation, the date that the policy held by a totally disabled veteran lapses determines the day the six year limitation starts to run. This interpretation, is at minimum, highly strained and tortured. In *Towery,* Justice Roberts wrote that,

[What] Congress intended by "the contingency on which the claim is founded" was the contingency on which liability under the policy was bottomed, namely,—permanent disability or death while the policy remained in force.

306 U.S. at 331, 59 S.Ct. at 525.

The plain and clear meaning of this language is that the statute commences running upon the date of the permanent disability. The meaning of the language "while the policy remained in force" simply refers to the fact that a claimant must be covered by a valid insurance policy when a total disability manifests itself in order to have any claim. Thus, already totally disabled individuals can't buy insurance and subsequently attempt to recover benefits or waiver of premiums based upon their earlier manifested disability. Plaintiff, however, rejects the plain meaning interpretation of the statute of limitations, choosing instead to rely upon certain language in the *Towery* case regarding a potential claimant already receiving benefits whose benefits cease on the cessation of disability. That portion of the *Towery* opinion is, however, dictum.[3] Moreover, it is inapposite to the facts in this case, since here plaintiff never received any benefit payments. Moreover, while plaintiff purports to distinguish a long line of cases cited by the government supporting the plain meaning of the statute of limitations provision, plaintiff cites no cases supporting his own rather tortured interpretation of the statute. A thorough review of the decisions following *Towery* convinces this court that no such cases exist, and that the plain meaning of the *Towery* interpretation of the phrase "contingency on which the claim is founded" has consistently been applied. As Justice Roberts stated in *Towery,* plaintiff's construction would permit the bringing of suits even twenty years after the disability occurred. 306 U.S. at 331, 59 S.Ct. at 525. Surely the Congress did not envision the entertaining of such stale claims by the courts.

■ Plaintiff in this case filed his claim with the V.A. on November 7, 1980, almost eight years after the surgery qualified him as totally disabled under 38 C.F.R. § 8.43(b). The V.A. granted a waiver of premiums to plaintiff though he filed his application well after the six year limitations period had lapsed. Courts have made clear, however, that the V.A.'s consideration of a claim for benefits after expiration of the limitations period does not estop the V.A. from asserting the limitations provision in subsequent litigation to bar a plaintiff's claim. Here, therefore, the court finds that absent a situation meriting a

---

**3.** The portion of the *Towery* opinion relied on by the plaintiff states, "[U]nder the policy's terms and in the administrative rulings, the policy is automatically reinstated for a reduced sum after taking account of the prior payments of benefits and may be continued in force by the insured by the payment of future premiums." 306 U.S. at 332, 59 S.Ct. at 525.

tolling of the statute, plaintiff's claim is barred by the statute of limitations.

## TOLLING OF THE STATUTE

■ Section 712(b) of Title 38 provides that the V.A. Administrator may grant income benefits or a waiver of premiums to a claimant even where the insured has failed to make a timely application, if that failure was due to circumstances beyond plaintiff's control.[4] The "circumstances beyond one's control" exception to the statute of limitations may be invoked by a plaintiff where mental incompetence caused plaintiff's failure to make a timely application, e.g., *Horton v. United States,* 207 F.2d 91, 94 (5th Cir.1953), *cert. denied,* 346 U.S. 903, 74 S.Ct. 232, 98 L.Ed. 402 (1955); *Ferguson v. United States,* 309 F.Supp. 632, 634 (E.D.Va. 1970) or where the claimant was unaware of the existence of his disability and that ignorance was beyond his control, e.g., *United States v. Vandver,* 232 F.2d 398, 401 (6th Cir.1956); *Landsman v. United States,* 205 F.2d 18, 22 (D.C.Cir.1953), *cert. denied,* 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384 (1953).

■ Plaintiff here makes no claim that he was mentally incompetent. He does, assert, however, that he was unaware of his total disability status because of circumstances beyond his control—i.e., the government's alleged failure to inform him of the meaning of the language "organic loss of speech" in his NSLI policy and TDIP rider. Plaintiff contends that he was unable to realize he had a claim because of the wording of the government's incomplete disability provision. Plaintiff rests much of his claim on a literal dictionary analysis of the phrase "organic loss of speech" and the assertion that he had no idea that his esophageal speech capability did not disqualify him from being considered totally disabled under the provision. Plaintiff further contends that the government misinformed and misled him by fully defining "organic loss of speech" only in the governing regulations of Title 38 of the United States Code rather than on the face of the insurance policy or disability income rider.

Plaintiff's claims, though initially compelling, are in the final analysis unpersuasive. It is true that the NSLI policy and TDIP rider do not amplify the meaning of the phrase "organic loss of speech". It is also true, however, that plaintiff's policy explicitly states that it was governed by the regulations of Title 38 of the United States Code. While this court believes the phrase "organic loss of speech" is somewhat ambiguous, it was sufficient to apprise a reasonably diligent policy holder of his or her rights. Plaintiff's ignorance of his status as totally disabled was primarily due to his own failure to pursue his rights. Any policy holder unsure of his or her status would contact the V.A. for advice, read the applicable regulations under Title 38 for clarification, or consult an attorney. Significantly, plaintiff himself is an attorney and licensed insurance broker. Plaintiff, of all possible policy claimants, should have been particularly aware of his responsibility for checking thoroughly his status following the laryngectomy surgery. Furthermore, this court notes that plaintiff, in his original claim application to the V.A., checked a box indicating explicitly that there were no cir-

---

4. 38 U.S.C. 712(b) (1976) provides:

"(b) The Administrator, upon any application made after August 1, 1947, shall not grant waiver of any premium becoming due more than one year before the receipt in the Veterans' Administration of application for the same, except as provided in this section. Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or reexamination of an insured claiming benefits under this section, and may deny benefits for failure to cooper-

ate. If it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums as provided in said policy. In any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums."

cumstances beyond his control that delayed his filing of a claim.

■ For all of the foregoing reasons, the court finds that plaintiff has failed to fit himself within either exception to the applicable statute of limitations. It is well established that failure to comply with the limitations provision is a jurisdictional defect in a suit such as this. *E.g., Bono v. United States,* 113 F.2d 724, 725 (2d Cir. 1940); *Munro v. United States,* 89 F.2d 614, 616 (2d Cir.1937), *aff'd,* 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633 (1938).

### CONCLUSION

Accordingly, plaintiff's motion for summary judgment is DENIED and defendant's cross-motion for judgment dismissing the complaint is GRANTED.

SO ORDERED.