**Crispina G. Vda de TUBONGBANUA,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 2476–62.**

United States District Court
District of Columbia.

Nov. 13, 1963.

Harold J. Nussbaum, Washington, D. C., for plaintiff.

David V. Seaman, Department of Justice, Washington, D. C., for defendant.

Mary M. Connelly, Washington, D. C., guardian ad litem.

HOLTZOFF, District Judge.

This is an action to recover an amount claimed to be due under the gratuitous

National Service Life Insurance provided by the United States for certain persons who were members of the armed forces during World War II. The plaintiff claims as the widow of a member of the armed forces who served in the Philippines. The matter is before the Court at this time on cross motions for summary judgment. Both sides admit that there is no material question of fact in dispute and that the case can be disposed of on questions of law.

The statute as it existed at the time this claim arose is found in old Title 38 of the U. S. Code, Section 802(d). Paragraph 2 of that section provides that:

"Any person in the active service on or after October 8, 1940, who, while in such service and before the expiration of one hundred and twenty days after December 20, 1941, dies or has died in line of duty * * *, without having in force at the time of such death insurance under the War Risk Insurance Act, as amended, the World War Veterans' Act, 1924, as amended, or this subchapter, in the aggregate amount of at least $5,000, shall be deemed to have applied for and to have been granted insurance as of the date of entry into active service or October 8, 1940, whichever is later, in the sum of $5,000 * * *."

In other words, any person in the active service of the armed forces of the United States between October 8, 1940 and 120 days after December 20, 1941 who has failed to apply for insurance and dies during the period just referred to, shall be deemed to have been granted gratuitous life insurance in the sum of $5,000. This paragraph, in sub-paragraph (A), further provides that payments shall be made to the widow if living and while unremarried.

In this case the veteran died on April 6, 1942. That is within the period covered by the statute. Therefore, his beneficiary was entitled to the benefits of gratuitous life insurance. A claim was filed in behalf of the plaintiff as the veteran's widow on June 20, 1947. The claim was allowed and benefits were paid continuously until July 25, 1961. On that date the Veterans Administration directed a communication to the plaintiff discontinuing further payments on the ground that she may not be recognized as an unremarried widow in view of her relationship with a certain man named in the communication. There is no indication that any ceremonial marriage was entered into between the plaintiff and the individual mentioned in the letter.

■ Admittedly, common law marriages are not known in the Philippines and are not recognized there, and the plaintiff continues residing in the Philippines. Consequently a meretricious relationship cannot ripen into a common law marriage in the Philippines. The suggestion that an inference of a ceremonial marriage may be deduced from the fact of cohabitation is of course clearly unwarranted. Consequently there seems to be no reasonable basis for the action of the Veterans Administration.

The present suit accordingly was filed on August 3, 1962. The Government defends on the ground that the claim is barred by the six year statute of limitations found in 38 U.S.C. § 784(b), which reads as follows:

"No suit on yearly renewable term insurance, United States Government life insurance or National Service Life Insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made. For the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded. The limitation of six years is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim."

Admittedly, this suit was filed with reasonable promptness after the Veterans Administration discontinued payments that it had been making for a long period

of time, and if the statute of limitations commenced to run on the date of the discontinuance, then concededly the action is not barred. The Government, however, takes the position that the period between April 6, 1942, when the death occurred, and June 20, 1947, when the claim was originally filed, should be taken into consideration as part of the period of limitations. The Court disagrees. There was no reason for the plaintiff to bring any suit. In fact, there was no basis for any suit so long as the claim had been allowed and benefits were being paid. The right to bring suit arose when payments were discontinued and the claim was repudiated.

■ There is an analogy in the general statute of limitations. The statute is tolled and the period begins to run again if a part payment on a claim is made. Government counsel suggests that this analogy is inapplicable because in this instance the statute of limitations is jurisdictional. While the analogy is not perfect, to be sure, it nevertheless is enlightening and helpful.

■ It obviously would be unfair to say because a period of five years was consumed back in the '40s before the claim was filed, that this interval should be taken into consideration as part of the period of limitations, when in 1961, fourteen years later, the Government discontinued payments. Government counsel do not dispute that if the period of limitations began to run on July 25, 1961, the plaintiff's action is not barred. The Court holds that the period of limitations did begin to run on that date.

There is no decision on this point in this Circuit. There are two decisions cited by Government counsel from other circuits, Bono v. United States, 2nd Cir., 113 F.2d 724; and Morgan v. United States, 5th Cir., 115 F.2d 427. These two decisions are not authoritative, neither are they persuasive, since they interpreted an earlier statute under which a policy matured not only in the event of death but also in the event of total and permanent disability.

In view of these considerations, the Court is of the opinion that plaintiff is entitled to recover.

Plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.