**Estelita B. Vda DE CASTILLO, Plaintiff,**

v.

**UNITED STATES of America et al.,
Defendants.**

Civ. A. No. 2593–67.

United States District Court
District of Columbia.

Jan. 22, 1969.

Robert L. Pillote, Washington, D. C., for plaintiff.

David V. Seaman, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

GASCH, District Judge.

This is a complaint in the nature of a mandamus ordering the Administrator of Veterans Affairs to pay insurance and compensation and indemnity benefits which the plaintiff claims were arbitrarily terminated. Plaintiff is a citizen of the Philippines. Her deceased husband, also a Filipino, was killed in the service of the United States in the Second World War. Thereafter, plaintiff collected benefits both under Gratuitous National Life Insurance, and Dependency and Indemnity Compensation from July, 1944, through June, 1962, when they were terminated upon a finding by the Veteran's Administration that plaintiff had remarried. This finding was based on allegations that plaintiff was living in open cohabitation as the wife of another man. No evidence was adduced that any formal legal ceremony had taken place. The cause came on to be heard on plaintiff's motion for summary judgment.

■ First, as to the Gratuitous Insurance, the Veteran's Administration claims that the Statute of Limitations has run. To reach this result they rely on Samala v. United States, 183 F.Supp. 601 (D.C.D.C.1960), a case factually identical to the instant case, in which, for purposes of computing the time for Statute of Limitations purposes, the Court added two periods: the period from the time of death until the filing of the original claim for benefits, and the period from the time of the final decision to revoke the payments until the time suit was filed. This Court notes, however, that another case in this jurisdiction has taken the opposite view. The Court believes that the *Tubongbanua* case,[1] in the light of the decision in Tracy v. Gleason,[2] more correctly states the law. The running of the statutory period is extinguished by the granting of the claim for benefits, and the revocation of payments thereafter gives rise to a new and unrelated cause of action, affected by a new running of the statutory period.

■ Since the cause of action as to the Gratuitous Insurance is not extinguished by the Statute of Limitations, it remains to be decided whether absent proof of remarriage cognizable under Philippine law, the payments could have been cut off. Since Philippine law does not recognize common law marriages, the payments were improperly terminated, and as to these payments (that is, under the Gratuitous National Life Insurance Policy) plaintiff's motion is granted.

■ There is a different problem as to the indemnity and compensation payments. These are governed by a statute which defines a widow as one who does *not* openly cohabitate with a man holding herself out to the world as his wife. Whether plaintiff has done this is a material issue of fact under dispute. Therefore, plaintiff's motion for summary judgment as to these payments must be denied.

---

1. Tubongbanua v. United States, 223 F. Supp. 379 (D.C.D.C.1963).

2. 126 U.S.App.D.C. 415, 379 F.2d 469 (1967).