**Estelita B. Vda DE CASTILLO**

v.

**UNITED STATES of America,
Appellant,**

and

**Administrator of Veterans Affairs.**

**No. 22999.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 13, 1970.

Decided Dec. 7, 1970.

---

3. 119 U.S.App.D.C. at 343, 342 F.2d at 922.

4. 346 F.2d at 878.

**152**

Mr. David V. Seaman, Atty., Department of Justice, with whom Mr. Robert V. Zener, Atty., Department of Justice, was on the brief, for appellant.

Mr. Henry F. Lerch, Washington, D. C., with whom Mr. Robert L. Pillote, Washington, D. C., was on the brief, for appellee.

Before TAMM, MacKINNON and ROBB, Circuit Judges.

ROBB, Circuit Judge:

This case turns upon the proper construction of the limitation provision of 38 U.S.C. § 784(b) (1964), relating to suits on a National Service Life Insurance policy.

The appellee sued in the district court to review a determination by the Veterans' Administration that she was no longer entitled to receive monthly payments of the proceeds of gratuitous insurance pursuant to Section 602(d) (3) (B) of the National Service Life Insurance Act of 1940, as amended. 38 U.S. C. § 802(d) (3) (B) (1952); see 38 U. S.C. § 788 (1964). Such benefits are payable to a widow only so long as she remains unmarried. 38 U.S.C. §§ 802(d) (5), 802(d) (2) (A) (1952).

The appellee's husband Jose Castillo, a member of the Philippine Army in United States service, died on July 31, 1944. Under the statute he is deemed to have been covered at his death with $3,000 of gratuitous insurance.

On February 17, 1948, or three years and six months after the death of Jose Castillo, the appellee, as his widow, filed her claim for insurance with the Veterans' Administration. She was awarded the proceeds on the basis of 240 equal monthly installments of $63.50, and thereafter she received these payments retroactively from the date of her husband's death. Payments were suspended in 1962, after she had received 215 installments, upon the ground that she could no longer be recognized as unremarried. The termination of payments was affirmed by the Veterans' Administration and became final on May 10, 1963.

On October 9, 1967, or four years and five months after the final denial of May 10, 1963, the appellee filed her suit in the district court. 38 U.S.C. § 784(a) (1964). The government answered, raising limitations as a defense, and moved for summary judgment. The district court denied the motion, holding that limitations began to run against the appellee only upon revocation of her insurance payments by the Veterans' Administration, and that on the merits she was entitled to recover. De Castillo v. United States, 295 F.Supp. 456 (D.D.C. 1969). In so holding the district court followed the decision of Judge Holtzoff in Tubongbanua v. United States, 223 F.Supp. 379 (D.D.C.1963) and refused to follow the contrary decision of Judge

Youngdahl in Samala v. United States, 183 F.Supp. 601 (D.D.C.1960).

The relevant statute of limitations (38 U.S.C. § 784(b) (1964)) provides as follows:

"No suit on * * * National Service Life Insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made. For the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded. The limitation of six years is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim: *Provided,* That in any case in which a claim is timely filed the claimant shall have not less than ninety days from the date of mailing of notice of denial within which to file suit. After June 28, 1936, notice of denial of the claim under a contract of insurance shall be by registered mail * * * directed to the claimant's last address of record. * * * No State or other statute of limitations shall be applicable to suits filed under this section."

The district court reasoned that:

"The running of the statutory period is extinguished by the granting of the claim for benefits, and the revocation of payments thereafter gives rise to a new and unrelated cause of action, affected by a new running of the statutory period."

295 F.Supp. 456, 457.

In other words the court adopted the view of Judge Holtzoff that the interval between the death of the insured and the filing of the appellee's claim for benefits is not to be counted as part of the six-year period of limitations.

Extended discussion is unnecessary, since we think the question is no longer open in this jurisdiction. In De Reynoso v. United States, No. 18,360 (May 10, 1965) this court held in an unreported judgment that the limitation period of 38 U.S.C. § 784(b) (1964) begins to run at the death of the insured and that administrative proceedings—even though they include an initial grant of benefits followed by a revocation—do not erase the time already accrued between the death and the filing of the claim.

In the *De Reynoso* case the Veterans' Administration granted the widow's claim for benefits and she received them for some years. Thereafter the benefits were terminated on the ground of the widow's remarriage. She filed suit within six years after the termination but more than six years after the death of the insured. The government pleaded the statute of limitations. The district court (Tamm, J.) sustained the plea and entered summary judgment for the defendant. This court (Bazelon, Chief Judge, Edgerton, Senior Circuit Judge, and Wright, Circuit Judge) affirmed by order, citing Samala v. United States, 183 F.Supp. 601 (D.D.C.1960). Certiorari was denied *sub nom.* De Monge v. United States, 382 U.S. 992, 86 S.Ct. 570, 15 L.Ed.2d 479 (1966).[1] This ruling is supported by United States v. Towery, 306 U.S. 234, 59 S.Ct. 522, 83 L.Ed. 678, reh. denied, 306 U.S. 668, 59 S.Ct. 640, 83 L.Ed. 1063 (1939); Morgan v. United States, 115 F.2d 427 (5th Cir. 1940), cert. denied, 312 U.S. 701, 61 S.Ct. 806, 85 L.Ed. 1135 (1941); and Bono v. United States, 113 F.2d 724 (2d Cir. 1940).

The judgment of the district court is reversed with directions to grant the government's motion for summary judgment.

---

1. De Reynoso v. United States, No. 18,360 (May 10, 1965) in this court was consolidated on appeal with De Monge v. United States, No. 18,359, a case involving similar questions.